*In re* I. A. KNESS, *Petitioner.*

**No. 10961.**

PENITENTIARY CONVICTS—*termination of sentence determined by adding good-record time for each calendar month to actual time served.* The good time earned by convicts in the State Penitentiary, as provided for in section 24, chapter 152, Laws of 1891, is computed for and at the end of each calendar month; and when the time of actual service together with the good time earned equals the time of sentence, the convict is entitled to a discharge.

Original proceeding in *habeas corpus.* Opinion filed November 6, 1897. *Petitioner remanded.*

45—58 KAN.

*Baker, Hook & Atwood*, for petitioner.

*L. C. Boyle*, Attorney General, for respondent.

JOHNSTON, J.   I. A. Kness alleges that he is unlaw-
fully held in the State Penitentiary, and he petitions
for a discharge.   He was convicted in the District
Court of Phillips County upon a charge of grand lar-
ceny, and the judgment was imprisonment at hard
labor for a term of five years, commencing September
12, 1893.   He claims that, under the statute and on
account of good behavior as a prisoner while serving
his sentence, he is entitled to a commutation of time,
and that a credit of the good time so earned entitled
him to a discharge from prison on September 6, 1897.
The Warden of the Penitentiary responds that, under
the statute and the prison rules, Kness is only entitled
to 314 days good time allowed for observance of the
prison rules, less twenty days charged against him
for some infraction of those rules, and that, if there
is no further violation of the rules, he will be entitled
to a discharge on November 21, 1897.   The question
must be solved by the statute, which provides :

" Every convict whose name does not appear upon
such record of reports for violation of the prison rules
shall be entitled to a deduction from his sentence of
three days per month, for the first year or fraction of
a year, for each month he shall obey the rules of the
penitentiary, and all such convicts, who shall have
become entitled to a deduction of three days per month,
shall, for a like faithful observance of all the prison
rules during the second year, be entitled to a deduc-
tion of six days per month ; and if any convict shall
continue to obey the rules of the penitentiary for the
remainder of his sentence, after the expiration of two
years, he shall be entitled to a deduction of eight days
per month until his sentence shall expire." Laws of
1891, ch. 152, § 24.

Provision is also made that, if a convict shall be guilty of willful violation of the rules of the prison, he may be deprived of the good time so earned. As will be observed, the convict is entitled to a credit of three days for each month of the first year that he shall obey the rules of the Penitentiary, six days for each month of the second year, and eight days for each month of the remainder of the sentence. The contention here is as to what constitutes the month for which the credit is to be given.

In behalf of the petitioner it is claimed that, when he has observed the rules for the first month, the credit of three days is to be given, and that this good time deducted from the month would leave twenty-seven days, from the end of which time the second month should begin, and so on throughout the year. The statute does not warrant this interpretation. The credit is only given for each month that he shall obey the rules of the Penitentiary. As the term of the sentence is reckoned by calendar time, evidently the Legislature intended that credit should be given for and at the end of each calendar month. If the claim of the petitioner were upheld, we would have three grades of months: In the first year, the month would be substantially twenty-seven days long, in the second, it would be twenty-four days long, and in the third, and thereafter, it would be twenty-two days long. It is clear that no such shifting basis was intended, but that credit is to be given for and at the end of each month of good conduct, and when the good time earned, together with the time actually served, equals the time fixed by the sentence, the convict is entitled to a discharge. For example: Where there was a sentence of two years, and continuous good conduct of a prisoner, he would be entitled to a deduction of thirty-six days for the

first year, and for the first nine months of the second year to a deduction of fifty-four days ; making a total of ninety days, or substantially three months. The time served, one year and nine months, and the good time earned, three months, together equal the term of the sentence ; and, therefore, under the statute, he should be discharged at the end of one year and nine months. In this case, if there was no misconduct, the petitioner was entitled to a credit of thirty-six days at the end of the first year, and seventytwo days additional at the end of the second year, and ninety-six days additional at the end of the third year, and ninety-six days more at the end of the fourth year. At that time, he would have a credit of three hundred days, and there would remain but sixtyfive days of the period of sentence. Making a deduction of eight days per month and proportionate part thereof for the remaining time, would entitle him to a credit of fourteen days more, or a total of about 314 days. Charging him, however, with the time lost for infraction of the rules, we think the computation of the Warden was substantially correct, and that the term of the petitioner will not expire until the twentyfirst day of November, 1897.

The application for the writ will be denied and the petitioner remanded.