No. 9923.

IN RE BLOCKER.

Decided November 8, 1920.

Petition for writ of habeas corpus by an inmate of the penitentiary. Demurrer to petition overruled and petitioner discharged.

1. CRIMINAL LAW—*Statutory Construction.* If a statute is capable of more than one construction, that should prevail which operates in favor of liberty.

2. *Penitentiary Sentence—Deductions for Good Conduct—Computation.* Under sec. 4871, R. S. 1908, concerning deduction of time from penitentiary sentences for good conduct, 11 months service constitutes the first year, 10 months the second year, etc., and after the 5th year each 6 months service counts as one year.

*Original Proceeding.*

Mr. A. R. MORRISON, for petitioner.

Mr. S. HARRISON WHITE, Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES ROACH, deputy, for respondent.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon a demurrer to the petition of John R. Blocker for a writ of habeas corpus. The petition was filed in this court on September 17, 1920. It alleges, among other things, that John R. Blocker, the petitioner, on September 9, 1911, was sentenced by the District Court of Fremont County, Colorado, to an imprisonment in the state penitentiary for and during the term of not less than ten years and not more than twelve years as a result of a certain judgment in a criminal case; that on the same date he began to serve his sentence; that on April 23, 1917 he escaped but was recaptured and returned

to the penitentiary on the same day; that since that time he has performed faithfully all duties assigned to him therein; that the term of his sentence has expired; that he is entitled to his discharge from the penitentiary; and, that the warden refuses to discharge him and now unlawfully confines and detains him. The petition prays for a writ directed to the warden.

The attorney general, counsel for the petitioner, and counsel for the warden of the penitentiary, have filed a stipulation that before the writ shall issue, the warden may plead or demur to the petition. Pursuant to the stipulation a demurrer to the petition was filed. The demurrer alleges, in substance, that under the facts stated in the petition, the petitioner's sentence of imprisonment has not expired. The ultimate question to be determined is: Has the petitioner served his sentence?

Whether the petitioner has completed the term of his sentence, depends on the construction to be given to section 4871 R. S. 1908, which reads as follows:

"That every convict who is now, or may hereafter be, imprisoned in the penitentiary, and who shall have performed faithfully, and all who shall hereafter perform faithfully, the duties assigned to him or her during his or her imprisonment therein, shall be entitled to a deduction from the time of his or her sentence for the respective years thereof, and proportionately for any part of a year, when there shall be a fractional part of a year in the sentence, to-wit: For the first year, one month; for the second year, two months; for the third year, three months; for the fourth year, four months; for the fifth year, five months; for the sixth and each succeeding year, six months; *Provided,* That if any convict shall escape, or attempt to escape, from the penitentiary, he or she shall forfeit and lose any and all deductions from the time of his or her sentence which he or she may have been entitled to up to the time of the escape or attempted escape, as provided for in this section."

At the time the petitioner escaped, he had served 5 years, 7 months and 14 days. On account of such escape, under

the statute he lost all the deductions he had theretofore earned, so that the actual time served must count only that much, and no more, time on the sentence, and of a twelve year term there would be left for him to serve 6 years, 4 months and 16 days, less the sum of deductions which he might earn after beginning to serve such remainder of the term.

The escape occurred during the sixth calendar year of the petitioner's confinement in the penitentiary. Whether the petitioner, after his return to the penitentiary, could earn any deductions for good behavior during the balance of that sixth year is immaterial. At any rate, at the close of the sixth calendar year, or September 9, 1917, he would have no more than six years yet to serve, less deductions earned after that date. Having served more than five years, these deductions would be based on that clause of the statute which allows a deduction of "six months" from the time of his sentence "for the sixth and each succeeding years" of the sentence.

The attorney general and counsel for the respondent contend that a convict must first serve twelve months before he can be credited with six months good time.

Counsel for the petitioner contends that a convict by serving six months with good behavior would be serving a year of the term, the remaining six months of the calendar year being the deduction for that particular year of the sentence.

According to the construction given to the statute by the petitioner, and taking September 9, 1917, as the beginning of the first of the six years of the sentence remaining for the prisoner to serve, the first of such years would be served by an actual confinement in the penitentiary of six months with good behavior, the remaining six months of that calendar year being deducted as a credit for that year. Thus the sentence as to that year would be completed in six months, or upon March 9, 1918, instead of upon September 9, 1918. By this method of computation the petitioner

would have finished serving his sentence on September 9, 1920.

Under the petitioner's construction of the statute a convict would be entitled to his discharge at an earlier time than under the attorney general's construction. If the statute is capable of both constructions, that of the petitioner should prevail upon the principle that of two constructions the one should be adopted which operates in favor of liberty. 16 C. J. 1361. In our opinion the statute is capable of the construction which the petitioner places upon it, and upon the principle above stated we adopt it. Under this construction the statute is given effect in all cases. For example, if a convict has been sentenced for two years, the first year is completed in eleven months, and the second year of the term begins with the following month. Since the statute provides for a deduction of two months "for the second year," the second year would be completed in ten months. Thus a convict is enabled to obtain the benefit of the credit for each year of the sentence and during the same year in which it is earned. This would not be the result if the good time is computed under the method adopted by the attorney general and counsel for respondent. Under that system the prisoner would first serve a full twelve months before being entitled to a credit of one month on account of the first year of the sentence. That month, assuming that the sentence is for two years, would leave eleven months as the unexpired time of the sentence. The convict would serve these eleven months in order to complete the second year of his sentence. For this he would be entitled to a credit of two months on account of good behavior during such second year, but the credit would be of no avail to him, because there would remain no further time of the sentence to serve, or the time from which such deduction of two months could be made. Thus it appears that under this construction of the statute, or method of computation of good time, in many cases the prisoner would receive no benefit for good behavior during the last year of his confinement. This would partly defeat the ob-

ject of the statute. In 21 R. C. L. 1192, sec. 28, it is said:

"The credits are said to be in the nature of a payment or reward by the state to the convict for his good behavior, in order to stimulate him to conform to the rules of the institution and to avoid the commission of crimes and misdemeanors during his imprisonment."

The statute provides for "a deduction from the time of (the) sentence for the respective years thereof." This language does not preclude a deduction from each year, or the method of computation contended for by the petitioner. Corresponding to the phrase, "deduction from the time of the sentence," found in our statute, is the expression, "diminution of time from his sentence," found in the Illinois statute (Section 8457, Jones & Addington, 1913). The Illinois statute incorporates within it a table which shows that a credit is not only earned during each year but is also applied to, and deducted from, each year of the sentence. For the first year of the sentence one month of good time is granted and the year is completed by actually serving only eleven months. The table shows that the second year of the sentence is begun immediately at the close of the eleven months period, and, good time of two months being granted for the second year, it is completed in ten months. The Montana statute (Section 9737 Rev. Codes 1907) allows a convict "a credit of time from his sentence." The Iowa statute provides for a "diminution of time from his sentence." Both of the statutes above mentioned include a table which is exactly the same as the Illinois table. All of these tables allow a deduction of six months for the sixth and each succeeding year of the sentence, as does our statute, and show that each of such years is served by an actual confinement of only six months.

In states having good conduct statutes without a table, the method of computation used has usually been that for which the petitioner contends. *In re Fuller,* 34 Nebr. 581, 52 N. W. 577; *In re Walsh,* 87 Mich. 466, 49 N. W. 606; *In re Canfield,* 98 Mich. 644, 57 N. W. 807. *Contra. In re Kness,* 58 Kan. 705, 50 Pac. 939.

The language of the statute governs the method of computation. 32 Cyc. 333. In our opinion the language of our statute sustains the petitioner's theory as to computation of good time.

The demurrer to the petition is overruled. The writ may issue and the respondent is directed to discharge the petitioner.

MR. JUSTICE SCOTT not participating.