STATE ex rel. FUHRMAN, Relator, *v.* DISTRICT COURT
OF SIXTEENTH JUDICIAL DISTRICT in and for
ROSEBUD COUNTY, et al., Respondents.

No. 9124.

Decided November 30, 1951.

238 Pac. (2d) 904.

Mr. Elvin Fuhrman, pro se.

MR. CHIEF JUSTICE ADAIR:

The relator, Elvin Fuhrman, an inmate of the state's prison, has filed herein a petition against the district court of Rosebud county and the warden of the Montana state prison, respondents, representing that under the law he was entitled to parole as of September 21, 1951, and that respondents have refused to release him from confinement.

The petition recites that in the district court of Rosebud county, he was convicted of a felony and on September 21, 1950, committed to the state's prison for a term of two years; that by reason of his compliance with the rules of the prison and the regulations of the board of prison commissioners and by virtue of the statutes of this state he has earned good time which entitled him to be released on parole on September 21, 1951, after having served one year of the sentence imposed and that he has been notified by the respondent warden that he would not be released because of loser's time on account of his prior con-

viction in the state of California of violating the Dyer Act by reason whereof he was given two years probation. The petition further represents that prior to his present confinement the relator has never been incarcerated in any state or federal institution nor any branch thereof.

The petition before us makes no representation or showing whatever of any action taken by either the Governor who may recommend or the board that may parole under the provisions of R. C. M. 1947, sec. 94-9818, hence it fails to state a case entitling the relator to the relief from this court which he here seeks. See: R. C. M. 1947, sec. 80-739; Stephens v. Conley, 48 Mont. 352, 366, 138 Pac. 189, Ann. Cas. 1915D, 958. Accordingly the petition is denied and the proceeding dismissed.

ASSOCIATE JUSTICES M E T C A L F, FREEBOURN, ANGSTMAN and BOTTOMLY concur.