THE STATE OF MONTANA, EX REL. ALBERT J. BALL, RELATOR, v. F. O. BURRELL, AS WARDEN OF THE MONTANA STATE PRISON, ET AL., RESPONDENTS.

No. 9611.

Submitted September 19, 1955. Decided January 13, 1956

292 Pac. (2d) 144.

586

Stanley M. Doyle, Polson, for relator.

MR. JUSTICE ANGSTMAN:

Relator has applied for a writ of *habeas corpus*. He is an inmate of the state prison where he is serving a life sentence imposed upon him by the district court of Silver Bow County on June 22, 1938, for the crime of murder of which he was duly convicted upon his plea of guilty.

On September 17, 1945, an information was filed against relator in the district court of Powell County, charging him with the crime of escape from the state prison on June 26, 1945. To this charge he also entered a plea of guilty and the court attempted to impose a penalty of one year imprisonment in the state prison to commence at the end of the sentence imposed for the crime of murder.

He alleges in his petition here that his imprisonment is illegal and unlawful in that the commitment for one year for escape is contrary to R.C.M. 1947, section 94-4203, which has to do with an escapee who was sentenced for a term less than for life and not to one committed for life, and that the district court of Powell County subsequently in *habeas corpus* proceedings found the commitment of one year for escape to be illegal.

He likewise contends that his confinement is illegal because of section 12 of Chapter 153, Laws of 1955, which in part provides: "No convict, serving a life sentence, shall be paroled until he shall have served twenty-five (25) years, less the good time allowances off, as provided in section 80-740." Section 80-740 was amended and sections 80-739 and 80-741 were repealed by Chapter 117, Laws of 1955. Section 80-739 granted certain definite periods of good time to any convict who shall well behave himself. But section 80-741 provided that "The

name of no convict who attempts to escape must be sent to the board for the commutation herein provided.''

But, as before stated, section 80-741 was repealed by Chapter 117, Laws of 1955, and section 80-740 was amended so as to place in the board of prison commissioners discretion regarding the amount of good time that may be allowed, subject to a maximum of 10 days per month, and then contains this clause, ''provided, that an attempted escape by the convict, or such violation of the rules and regulations so prescribed, as in the judgment of said board should be punished by forfeiture of such extra good time, shall operate as forfeiture of all extra good time as may have been allowed by said board of prison commissioners, now authorized in this act.'' We do not agree that relator's restraint and imprisonment are illegal. In so holding we, like the district court, do not attach any importance to the one-year commitment attempted to be imposed for the crime of escape. There is no question here of the fact that relator did escape and that he was and is guilty of that crime. Hence under section 80-740, as amended by Chapter 117, Laws of 1955, the board was warranted in forfeiting all good time allowed by it to relator.

Then again under section 12 of Chapter 153 the board has wide discretionary powers as to how much good time, if any, may be allowed to any prisoner, and the courts ought not to interfere with that discretion. Until the board acts in allowing sufficient good time to entitle the convict to be released, the warden must hold the prisoner. Stephens v. Conley, 48 Mont. 352, 366, 138 Pac. 189, Ann. Cas. 1915D, 958; State ex rel. Fuhrman v. District Court, 125 Mont. 330, 238 Pac. (2d) 904.

The record here does not show that relator's restraint is illegal, hence his petition is denied and the proceeding dismissed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANDERSON, and DAVIS, concur.

MR. JUSTICE BOTTOMLY, dissents.