No. 18,624.

THOMAS PAUL McGRATH *v.* HARRY C. TINSLEY, WARDEN.
(328 P. [2d] 579)

Decided August 11, 1958.

Mr. ROBERT C. WILSON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was petitioner in the court below and will hereinafter be referred to as such. Petitioner filed a document in the district court of Jefferson County labeled "Petition For a Writ of Habeas Corpus." The court entered an order upon respondent to show cause within twenty days why the writ should not issue, to which the District Attorney responded, challenging the sufficiency of the petition. The court appointed counsel to represent petitioner. Arguments on the sufficiency of the petition were had, and the petition for the writ was denied. Motion for new trial was dispensed with. Petitoner is here by writ of error complaining that "the court erred in refusing to issue the writ and in not conducting a hearing thereon."

Petitioner in his application for the writ stated as grounds therefor, "The charge contained in the mittimus attached is erroneous." It appears from the record that on July 16, 1957, the petitioner was sentenced to the state penitentiary for the crime of "burglary" for a period of not less than three nor more than five years. Although he does not attach the information nor the

verdict of the jury thereto, he alleges in his petition that he was convicted of "breaking and entering without force." He does not contend that he was not guilty of the crime as charged, but cites the variance in the language "breaking and entering without force" on which he was convicted and "burglary" on which he was committed.

The court has repeatedly held that the function of habeas corpus is to determine whether the court had jurisdiction of the person and of the offense, and whether the sentence imposed is within the limits prescribed by law. *Farrell v. District Court,* 135 Colo. 329, 311 P. (2d) 410. Nowhere in his petition filed in the lower court did petitioner allege that the court did not have jurisdiction of the charge or of his person, or that the sentence imposed exceeded the statutory limitations. It is provided in C.R.S. '53, 65-1-1, that the court shall issue the writ [of habeas corpus] "unless it shall appear from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail, nor in any other manner relieved; * * *." The petition on its face was insufficient, and the court was correct in denying it.

As to the alleged variance between the charge and the use of the word "burglary" in the mittimus, burglary is defined in C.R.S. '53, 40-3-6, omitting language not pertinent here, as follows:

"Every person who shall * * * willfully and maliciously, *without force,* enter * * * with intent to commit * * * larceny, or other felony or misdemeanor, * * * shall be deemed guilty of *burglary,* and, upon conviction thereof, shall be punished by confinement in the penitentiary for a term not less than one year, nor more than ten years." (Emphasis supplied.)

Since the information upon which petitioner was convicted is not included in the record here, we indulge in the presumption that it charged petitioner in the language of the statute. If so, it charged the crime

of "burglary" and the mittimus was not erroneous. "Burglary" is entering with or without force. "Entering with or without force" is burglary.

The Attorney General directs our attention to the appointment by the court of counsel to represent petitioner in these proceedings and asserts that the trial court exceeded its power and authority in doing so. Because of the prevalent practice in the lower courts of appointing attorneys to present and argue writs of habeas corpus — which have become so numerous as to constitute a substantial portion of the matters being filed here — we deem comment apropos. Proceedings in habeas corpus are *civil* actions. *Oates v. People,* 136 Colo. 208, 315 P. (2d) 196. We know of no constitutional or statutory provision which permits the appointment of counsel for plaintiffs in civil actions. Therefore the appointment of counsel and the payment of fees therefor out of public funds is not authorized and is not and cannot be sanctioned.

The judgment of the trial court denying the application for a writ of habeas corpus is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE SUTTON do not participate.