No. 18,724.

FRANK PAUL PANION *v.* PEOPLE OF THE STATE OF COLORADO.
(331 P. [2d] 501)

Decided November 10, 1958.

Mr. FRANK PAUL PANION, Pro Se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant,
for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was the defendant in the trial
court, and we so refer to him.

He was charged in the information with the crime of
burglary in the language of the statute wherein it was
stated that he did "unlawfully, feloniously, willfully and
maliciously *break* and *enter,* and *wilfully enter* a rail-
road car * * * with intent therein to commit the crime
of larceny; * * *." (Emphasis supplied.) Council was
appointed to represent him. Upon arraignment the de-
fendant entered a plea of guilty, was properly warned by
the court of the consequences of his plea, and was fur-
ther told by the court:

"Now, I want you to understand, Mr. Panion, before I
accept this plea, you have been hesitating on your plea
and reviewing the FBI record with an idea that you
might secure probation. Be informed that the Court does
not indicate in any manner whatsoever that probation
will be allowed or will be granted. We do not enter into
agreements of that kind prior to a plea, and from the
evidence produced and the report of the probation of-
ficer, you take your chances on what will come up later.
Now, knowing those things, do you still persist in your
plea of guilty?"

To that admonition of the court the defendant answer-
ed, "Yes."

The defendant filed his application for probation, and
it being shown to the Court that he had a long record of
arrests for petty crimes, had served in the state peniten-

tiary for one felony conviction, was a drifter, and there appeared to be no probability of rehabilitation, his application for probation was denied. No motion for new trial and none of the points cited here as errors were filed with the trial court.

■ Defendant asserts as one point of error that the court received the hearsay testimony of witnesses after the plea of guilty and that this "tended only to blacken the character of the defendant which may have caused him to receive a greater sentence than would normally have been imposed." In this respect the testimony received was not hearsay, and let it be noted that the Colorado Statutes, C.R.S. '53, 39-7-8, provide:

"* * * In all cases where the court possesses any discretion as to the extent of the punishment, *it shall be the duty* of the court to examine witnesses as to *the aggravation and mitigation* of the offense." (Emphasis supplied.)

The court in this case having discretion to impose a sentence of not less than one nor more than ten years, was compelled to hear the testimony of which the defendant complains.

■ Finally, defendant claims that the evidence did not support the charge that he "broke into" the box car. The information also charged entry of the box car without force, which, under the statute, constitutes the crime of burglary. Defendant admitted his presence in the box car and that he was caught red-handed helping himself to a gunny sack of valuable brass and copper scrap. This contention is identical with that made in *McGrath v. Tinsley,* 138 Colo. 18, 328 P. (2d) 579, and was held by this court to be without merit.

The judgment and sentence of the trial court are affirmed.