## IN RE PETITION OF HERMAN PELKE

No. 10315.

Decided August 7, 1961. Rehearing Denied August 18, 1961.

Petition for Writ of Certiorari to the United States Supreme Court denied February 19, 1962.

365 P.2d 932.

PER CURIAM.

Original proceeding. Petition for writ of habeas corpus, brought by Herman Pelke, an inmate of the Montana State Prison, appearing pro se.

From the petition it appears that petitioner was sentenced to a term of fourteen years in the State Prison by the district court of Sanders County, Montana, on March 23, 1953, following his plea of guilty to a charge of first degree burglary. He was paroled from the prison on December 5, 1955, and charged with violation of such parole on April 14, 1956. He was again paroled on July 18, 1957, and charged with violation thereof

on September 3, 1957, and has been confined since then.

Petitioner contends that his discharge date should have been May 21, 1961, and that he is illegally restrained of his liberty. In support of such contention petitioner cites section 80-739, R.C.M.1947, since repealed but applicable to those sentenced before such repeal, as was petitioner, and section 94-7834, R.C.M.1947, and asserts that under the provisions of these sections the Board of Prison Commissioners could not deprive him of his earned good time by reason of the parole violations.

In the case of Stephens v. Conley, 48 Mont. 352, 138 P. 189, 191, this court discussed and interpreted section 80-739, R.C.M. 1947, at that time being section 9737, Revised Codes 1907, in these words:

"* * * His action proceeds upon the assumption that he was properly sentenced to a four-year term of imprisonment, but his contention is that, by virtue of the good-time allowance provided in our statute, he was entitled to his discharge as a matter of right, upon the expiration of three years and two months, in the absence of any showing that such allowance had been forfeited by the prison board. In many of the states this theory would be accepted at once, not because of any peculiar right in the plaintiff as a convict, but solely because of local laws, rules, or regulations. Commutations for good conduct are purely matters of legislative control, and the determination of the extent and character of the right in any given instance is referable entirely to the local statutes. Woodward v. Murdock, 124 Ind. 439, 24 N.E. 1047. An examination of the provisions found in the laws of the different states discloses that they classify themselves generally into two groups. In the first are found those statutes which by their terms automatically reduce the period of imprisonment upon the rendition of the judgment. It is said, indeed, that a provision of this character forms a part of the judgment, and that under it the prisoner enters upon his confinement with the statutory assurance that his term is automatically abridged by law, un-

less by his own breach of prison discipline he forfeits the credits which inhere to his sentence. Under a statute of this character the presumption is in favor of the convict, and the burden is upon the state to show affirmatively the facts which defeat the claim to statutory allowances. Ex parte Wadleigh, 82 Cal. 518, 23 P. 190; In re Canfield, 98 Mich. 644, 57 N.W. 807; In re Kness, 58 Kan. 705, 50 P. 939; State [ex rel. Davis] v. Hunter, 124 Iowa 569, 100 N.W. 510, 104 Am.St.Rep. 361. In the second group are those statutes which determine in advance the amount of credits—computed in days and months —which certain prisoners may earn upon certain specified terms and conditions. The commutation is held out as a reward for good conduct or efficiency in prison labor. A statute of this character cannot enter into the sentence or form a part of it, for the reward must first be earned before the prisoner is entitled to it. Our statutory provisions are very brief, and their terms somewhat indefinite, but the theory upon which they proceed is, we think, made sufficiently manifest. The government, supervision, and control of the penitentiary are lodged in the state board of prison commissioners. Sec. 9716, Rev.Codes. Among the powers and duties of the board, section 9737, Revised Codes, provides the following: 'The board is hereby authorized and required to grant to any convict confined in the state prison, who shall well behave himself and who shall perform regular labor during good health, either within or without the state prison inclosures, a credit of the time from his sentence as appears in the following table.' The table mentioned designates in months the credits which may be earned. Upon a four-year term they aggregate ten months. But it is to be observed, in the first instance, that by the language of the statute any allowance for good conduct or efficient labor has its source in a grant from the prison board, and does not spring from the operation of the law itself. The section quoted implies that some investigation must be made by the board, and a judgment formed thereon. There must

be a finding that the convict has well behaved himself, and that he has performed regular labor during good health. These are conditions precedent to his right to any credits. Section 9738 seems to indicate a course of procedure for the board. In order to carry out the purpose of these statutes, the board must investigate the record of every convict, probably at the end of every year of his service, and grant the proper credits if earned, for the section declares that, if after a credit has once been earned, the convict commits any of the offenses enumerated, the board shall, upon proof of the fact, after notice to the convict, forfeit all deductions of time earned before the commission of such offense.''

The statute was before this court again in State ex rel. Fuhrman v. District Court, 125 Mont. 330, 238 P.2d 904, wherein relator sought his release on parole, and we held that since the petition made no representation or showing of any action taken by either the governor or the board of prison commissioners it failed to state a case entitling relator to relief by reason of the provisions of section 94-9818, and section 80-739, R.C.M. 1947.

The matter was further discussed in State ex rel. Ball v. Burrell, 129 Mont. 585, 292 P.2d 144, wherein it was stated:

''But, as before stated, section 80-741 was repealed by Chapter 117, Laws of 1955, and section 80-740 was amended so as to place in the board of prison commissioners discretion regarding the amount of good time that may be allowed, subject to a maximum of 10 days per month, and then contains this clause, 'provided, that an attempted escape by the convict, or such violation of the rules and regulations so prescribed, as in the judgment of said board should be punished by the forfeiture of such extra good time, shall operate as forfeiture of all extra good time as may have been allowed by said board of prison commissioners, now authorized in this act.' We do not agree that relator's restraint and imprisonment are illegal. In so holding we, like the district court, do not attach

any importance to the one-year commitment attempted to be imposed for the crime of escape. There is no question here of the fact that relator did escape and that he was and is guilty of that crime. Hence under section 80-740, as amended by Chapter 117, Laws of 1955, the board was warranted in forfeiting all good time allowed by it to relator.

"Then again under section 12 of Chapter 153 [now section 94-9832, R.C.M.1947] the board has wide discretionary powers as to how much good time, if any, may be allowed to any prisoner, and the courts ought not to interfere with that discretion. Until the board acts in allowing sufficient good time to entitle the convict to be released, the warden must hold the prisoner. Stephens v. Conley, 48 Mont. 352, 366, 138 P. 189, Ann.Cas.1915D, 958; State ex rel. Fuhrman v. District Court, 125 Mont. 330, 238 P.2d 904."

██ It becomes apparent from these holdings by this court that petitioner's contention is not well-taken, since we have always, both under the repealed statutes and under those now in effect, held that the board of prison commissioners are vested with discretionary power as to the allowance or forfeiture of good time and may make such rules and regulations as are reasonable in connection therewith, and we should not interfere with that discretion.

The writ is denied and the proceeding dismissed.

### On Petition for Rehearing

Original proceeding. Petition for a rehearing of his application for a writ of habeas corpus, brought by Herman Pelke, an inmate of the Montana State Prison, appearing pro se.

██ The petitioner alleges the same grounds for habeas corpus as were considered by this court in In re Petition of Herman Pelke. Without reiterating what was stated in that order concerning section 80-739, R.C.M.1947, (repealed) and section 94-7834, R.C.M.1947, we will say this, that although section 94-7834 states in part "that no person convicted and sentenced before the effective date shall have his rights and

earned good time reduced by the application of this act'', petitioner has misconstrued the meaning of this portion of the statute which merely states that the act referred to shall not reduce a person's good time. This statute in no manner attempts to prohibit the Board of Prison Commissioners from exercising their discretionary power as to the allowance or forfeiture of good time and their power to make such rules and regulations as are reasonable in connection with this power.

Therefore, the Board of Prison Commissioners could deprive petitioner of his good time for parole violations.

Petitioner also requests appointment of counsel to act in his behalf. Ordinarily the right to counsel does not exist in habeas corpus proceedings. In the absence of constitutional or statutory provisions to the contrary, the court may refuse to appoint counsel to represent a petitioner on the hearing and disposition of his petition. See Brown v. Johnston, 9 Cir., 91 F.2d 370; People ex rel. Ross v. Ragen, 391 Ill. 419, 63 N.E.2d 874, 162 A.L.R. 920; McGrath v. Tinsley, 138 Colo. 18, 328 P.2d 579; Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475.

There is no provision in our law for appointment of counsel in this appellate court. Consideration is given all petitions for writs of habeas corpus upon the allegations contained therein and if it appears to us that a writ should issue, such writ is made returnable before an appropriate district court where facilities are available for holding the hearing.

Our statutes provide for assignment of counsel in a criminal action or proceeding by the district courts of Montana. Sections 94-6512 and 94-6513, R.C.M.1947. This matter was discussed in State ex rel. Irvine v. District Court, 125 Mont. 398, 239 P.2d 272.

Accordingly, deeming the petition without merit, it is denied.