No. 10315.   PETITION OF HERMAN PELKE for Writ of Habeas Corpus.

Decided September 28, 1961.

365 P.2d 936.

PER CURIAM.

Original Proceeding. Petition for a writ of habeas corpus, brought by Herman Pelke, an inmate of Montana State Prison, appearing pro se.

Petitioner alleges the same grounds for habeas corpus as were considered by this Court in In re Petition of Pelke, 139 Mont. 354, 365 P.2d 932, and in Petition for Rehearing of Herman Pelke, 139 Mont. 358, 365 P.2d 934. To reiterate briefly, petitioner is earning good time under the old good time statutes.

Sections 80-739 through 80-741, R.C.M.1947. He alleges that the State Board of Prison Commisisoners acted without authority by forfeiting his good time because of a parole violation.

The petitioner, in his two previous petitions and in this petition, has advanced the same basis for habeas corpus as was before this Court in Hill v. State, 139 Mont. 407, 365 P.2d 44. The reasoning of that case and the construction of sections 80-739 through 80-741, supra, applies with equal force herein, as the facts are similar and the legal issues involved are the same.

To restate the basic holding of that case, it was held by this Court that the Board of Prison Commissioners has authority under the forfeiture statute, section 80-741, to forfeit earned good time because of a parole violation. The "new parole laws" have absolutely nothing to do with either granting or forfeiting good time.

Petitioner is confused as to the standard legal practice of citing cases in an opinion. Petitioner's contention that we have charged him with an escape is erroneous and completely without foundation. In In re Petition of Pelke, 139 Mont. 354, 365 P.2d 932, we quoted from State ex rel. Ball v. Burrell, 129 Mont. 585, 292 P.2d 144. We were not holding that petitioner has escaped merely by quoting from a case wherein the convict involved had escaped.

It appearing that the petition lacks merit, the writ is denied and the proceeding dismissed.