No. 10349. RICHARD D. BUCKMAN, Petitioner, v. STATE OF MONTANA and Warden Floyd E. Powell, Respondents.

Submitted September 29, 1961. Decided November 1, 1961.
366 P.2d 346.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

Original proceeding. Petition for writ of habeas corpus filed by Richard D. Buckman, an inmate of Montana State Prison, appearing pro se.

Petitioner alleges he is an Indian ward and a member of the Fort Belknap Indian Community. That he was taken in custody by the police in Great Falls, Montana, and in the District Court of Cascade County was charged with the crime of forgery; that he entered a plea of guilty to such charge and was sentenced to a term of eight years in the State Prison on December 10, 1957.

Petitioner contends that the courts of Montana have no jurisdiction over offenses committed by Indian wards irrespective of the locus in quo.

The issue whether the State of Montana has jurisdiction over Indian wards for violations of the criminal law has been before this Court on many occasions. In State v. Youpee, 103 Mont. 86, 61 P.2d 832, an Indian was charged with committing statutory rape in a town located five miles from the reservation. This Court held that as to crimes committed by Indians within this state, but without the bounds of "Indian Country", it is within the jurisdiction of this state to try and punish such Indians.

Therefore, the Court had jurisdiction to try and sentence the petitioner herein, unless the crime was committed within the bounds of "Indian Country". The term "Indian Country" is defined in 18 U.S.C.A. § 1151, as "(a) *all land within the limits of any Indian reservation* under the jurisdiction of the United States government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) *all dependent Indian communities* within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) *all Indian allotments,* the Indian titles to which have not been extinguished, including rights-of-way running through the same." Emphasis supplied.

As this Court stated in State ex rel. Bokas v. District Court, 128 Mont. 37, 40, 270 P.2d 396, 398:

632

"* * * By the enactment of this section, the Congress chose language carefully designed to aptly define and limit the term 'Indian Country' to the area and lands within the limits of the exterior boundaries of a duly and regularly constituted, designated, existing Indian reservation established by the law of the United States which is being supervised and administered by an officer or an employee of our Federal Government for the benefit and in the interests of the general government's ward Indians residing thereon. State v. Pepion, 125 Mont. 13, 230 P.2d 961; State ex rel. Irvine v. District Court, 125 Mont. 398, 239 P.2d 272, and cases therein cited."

Petitioner requested appointment of counsel. For the reasons set forth in Petition for Rehearing of Herman Pelke, 139 Mont. 358, 365 P.2d 934, the request is denied.

It appearing that the application lacks merit, the writ is denied and the proceeding dismissed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.