PETITION OF CORNELIUS DISERLY FOR WRIT OF HABEAS CORPUS.

No. 10431.

Submitted March 20, 1962. Decided April 4, 1962.

370 P.2d 763.

PER CURIAM.

This is an original proceeding filed by Cornelius Diserly, an inmate of the Montana State Prison, appearing pro se, wherein he seeks a writ of habeas corpus.

Petitioner contends he is an Indian ward, apparently attached to the Fort Peck Indian Reservation. He states he was apprehended on April 23, 1959, at Fairview, Montana, and charged with forgery; that he was taken to the County Jail at Sidney, Montana, appeared before a Justice of the Peace and was bound over to the District Court, bail being fixed; that on or about May 6, 1959, he appeared before the District Court of the Seventh Judicial District, in and for the County of Richland, entered a plea of guilty and was sentenced to a term in the Montana State Prison.

Petitioner contends that his conviction was illegal because the State of Montana is without jurisdiction over Indian wards for offenses committed by them regardless of the location of the crime charged.

220

This same contention was before this court in Buckman v. State of Montana, 139 Mont. 630, 366 P.2d 346, and we there held "that as to crimes by Indians within this state, but without the bounds of 'Indian Country', it is within the jurisdiction of this state to try and punish such Indians." Since no part of Richland County lies within the boundaries of "Indian Country" there is no merit to petitioner's contention.

Petitioner further alleges that he was not advised by the court of his legal rights, nor was counsel appointed to represent him. Section 94-6512, R.C.M.1947, provides for appointment of counsel if desired by a defendant and he is unable to employ such counsel. There is no showing here of prejudice such as would overcome the presumption that the court performed its judicial duty seasonably and with due regularity. A period of more than two years and ten months has elapsed since the arraignment of defendant and the instant petition is the first time such contention has been made before this court and absent a showing of prejudice we must rely upon the presumption.

The writ is denied and the proceeding ordered dismissed.