HAROLD R. BROWN, Appellant, v. THE STATE OF MONTANA, and Warden of the Montana State Prison, Respondents.

No. 10452.

Submitted April 26, 1962. Decided May 9, 1962.

371 P.2d 262.

Harold R. Brown pro se.

No appearance for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Petition by Harold R. Brown, an inmate of the Montana State Prison, appearing pro se., wherein he apparently seeks leave to file an appeal from a denial of his petition for a writ of error coram nobis by the District Court of the Seventeenth Judicial District, in and for the County of Valley.

It is extremely difficult to decipher from the hand written papers filed in this court just what type of relief petitioner is seeking. While the petition itself seeks an appeal as above-stated, the accompanying brief seems to request a withdrawal

of the guilty plea entered by the petitioner and requests a new trial.

Appeals are governed by the statutes and section 94-8106, R.C.M.1947, provides:

"An appeal may be taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party."

Section 94-8105, R.C.M.1947, provides:

"An appeal from a judgment may be taken within six months after its rendition, and from an order within sixty days after it is made."

Since the petition before us does not contain any of the District Court records in this matter, it is impossible to determine what type of proceeding was filed therein by the petitioner other than his designation as a writ of error coram nobis. However, if the order entered in the District Court is of the type embraced within sub-section 3, of section 94-8103, R.C.M. 1947, which provides that an appeal may be taken by the defendant from an order made after judgment, affecting the substantial rights of the party, the statutory time of sixty days has not expired since petitioner asserts the court's order was made on March 19, 1962. Petitioner's remedy in such event would be to file notice of appeal in the District Court as provided in section 94-8106, supra.

Petitioner has written many pages in his brief with regard to a request for change of plea and motion for a new trial.

The petitioner herein applied to this court in March of 1961 for a writ of certiorari and in such application raised the denial of a motion for a new trial which he had filed some five months after his plea of guilty. The District Court at that time in its order stated:

"That the so-called motion for a new trial was frivolous, it was without merit, it was not based upon any statutory requirements as provided by Montana law and beyond the time

when such a motion could be filed in order that the court might have jurisdiction thereon.''

This court, after reviewing the application for writ of certiorari and finding no merit therein, denied relief and dismissed the proceedings.

Thereafter petitioner made application to the Supreme Court of the United States for a writ of certiorari and such petition was denied by that court on December 4, 1961.

The matter of a request for change of plea does not appear to have been before the District Court and is raised in this proceeding, so far as we can determine, for the first time. Such request would, of necessity, have to have been made in the trial court and it is quite obvious from the almost identical statements made in the previous application for writ of certiorari and the present petition that no such request was ever made.

The District Court appointed two capable attorneys to represent petitioner in the District Court proceedings wherein he was charged with the murder of his wife, the crime having been committed on November 26, 1959. One of such counsel was the oldest practicing attorney in Valley County, Montana, who had engaged in an extended trial practice for many years.

Following commission of the offense petitioner fled from this state and was apprehended at Bismarck, North Dakota, and in that city he signed a written confession of the commission of the crime. He was extradited and held for trial.

On April 4, 1960, petitioner with his counsel appeared before the court and entered a plea of guilty of murder. The District Court then set a date to hear evidence for the purpose of determining the degree of the crime. This hearing consumed two days and at the conclusion thereof the District Court determined that the crime was murder in the second degree, and the defendant was sentenced accordingly.

Petitioner is extremely dissatisfied with the sentence pronounced by the District Court, but it appears from the record

that the petitioner weighs something over 200 pounds and is six foot, six inches tall, being thirty-five years of age; his wife was approximately five feet tall and weighed approximately 100 pounds. Pictures introduced at the hearing indicated she had been brutally beaten, received a skull fracture, her face badly beaten, a tooth knocked out and her ribs broken. Doubtless these facts did influence the court in pronouncing sentence upon the petitioner, as they do this court.

Petitioner accompanies his petition with a motion to appoint counsel. As we have heretofore stated there is no provision in our law for appointment of counsel in this appellate court, such appointments are made by the district courts. See sections 94-6512 and 94-6513, R.C.M.1947, and State ex rel. Irvine v. District Court, 125 Mont. 398, 239 P.2d 272; In re Petition of Pelke, 139 Mont. 354, 365 P.2d 932.

Since no leave to file an appeal is required under our law, and if an appeal is available from the District Court order heretofore mentioned, the time therefor has not expired, and by reason of our views expressed as to the other matters referred to in said petition, the same is denied and the proceedings ordered dismissed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON, concur.