PETITION OF KENNETH R. FOX.
No. 10535.
Submitted December 10, 1962.   Decided December 12, 1962.
376 P.2d 726.

PER CURIAM.

Kenneth Ralph Fox, an inmate of the Montana State Prison, appearing pro se, has filed a petition for writ of error coram nobis.

Petitioner filed a previous petition seeking the same relief and on October 25, 1962, such petition was forwarded to the clerk of the district court of Glacier County. The petition was submitted to the district court, and on November 14, 1962, the court found such petition to be without merit and denied

the same. Petitioner, being dissatisfied with such ruling, presents the same issue to this court again and there exists no reason to transmit it to the county in which the judgment was rendered since the order of the district court was correct.

Petitioner alleges that he is an enrolled member of the Blackfeet Indian Tribe. He was charged with the crime of forgery and contends the State court had no jurisdiction over him because the crime originated on the reservation in that the check was obtained from the Indian Agency office and belonged to an enrolled member of the Blackfeet Indian Tribe, being a Tribal payroll check.

Petitioner further asserts that while such check was cashed in a town outside the boundaries of the Blackfeet Indian Reservation the crime would still be under exclusive Federal jurisdiction because of these facts.

The Information under which petitioner was convicted charged:

"Kenneth Ralph Fox late of the County of Glacier, on the 9th day of May, A. D., 1962, at the County of Glacier, in the State of Montana committed the crime of Forgery in that the said Kenneth Ralph Fox then and there being, then and there did, wilfully, wrongfully and feloniously utter, publish and pass as true and genuine a certain false, forged and counterfeit check * * *."

The crime of forgery encompasses under our law the passing of a check as true and genuine when in fact it is false, forged or counterfeit. Thus the crime of forgery is committed in the place where the false, forged or counterfeit check is passed as true and genuine and the origin of the check has no bearing upon the crime. Since from petitioner's own allegation he admits that the place where the check was cashed was outside the boundaries of "Indian Country" the State court had jurisdiction.

Following precedents of many years, we held in Buckman v. State, 139 Mont. 630, 366 P.2d 346, that crimes com-

mitted by Indians within this state, but without the bounds of "Indian Country", are within the jurisdiction of the State courts. To the same effect, see In re Petition of Cornelius Diserly, 140 Mont. 219, 370 P.2d 763.

There being no merit in the petition, the relief requested is denied and the proceeding ordered dismissed.