PETITION OF ROY O. BRANDT.

No. 11088.
Decided February 9, 1966
410 P.2d 708.

Roy O. Brandt, pro se.

PER CURIAM:

Petitioner is an inmate of the State Prison. He was received November 20, 1954, on a fifteen year sentence for the crime of 1st degree assault. According to his own handwritten petition he was paroled on December 8, 1957, and on May 3, 1958, was returned to the prison as a parole violator. According to prison records, he was paroled twice more, each time violating his parole and being returned to the prison. Society then, has made *three* attempts at parole, and the prisoner has made a mockery of parole attempts by violating parole three different times.

If we understand his petition he asserts that somehow his statutory "good time," having been lost by parole violation, was wrongfully taken away and he uses words to describe this, such as "double time," "double jeopardy," "unconstitutional," "ex post facto," and interfering with his "civil liberties." These words seem all meaningless in this situation. However, the inmate asks this question: "What happened to my statuatory [sic] time?"

The consideration is under the law prior to April 1, 1955. In Hill v. State, 139 Mont. 407, 408, 409, 411, 365 P.2d 44, 45, 95 A.L.R.2d 1261 this court held:

"When sections 80-739 and 80-741 were repealed and section 80-740 was amended to its present form, a savings clause was enacted. (Section 80-740.1, R.C.M.1947.) This savings clause provided in part '* * * no person convicted and sentenced before the effective date shall have his rights and earned good time reduced by the application of this act.' The only construction which can be placed on this savings clause is that it encompasses both the right to earn good time under the prior laws and the forfeiture provisions existing thereunder.

"It was not the intention of the legislature to allow a convict to earn good time under the old laws and yet not be subject to the forfeiture of his good time for misbehavior. If the savings clause saves the right for a prisoner to earn good time under the old law, it also encompasses the old statute by which the good time may be forfeited. Therefore, a prisoner who is earning good time under the prior law is subject to the prohibitions of the forfeiture statute which existed under the old law.

"In considering the question whether the Board of Prison Commissioners has the authority to forfeit any good time for a parole violation, we find that the Board has this authority.

"Section 80-741, the forfeiture statute which is applicable to prisoners earning good time under the old law, provides for

forfeiture of good time for various acts and also for 'any flagrant disregard of the rules of the prison.' The rules of the prison as referred to in this statute would include the rules and regulations in regard to the management of the prison, and the discipline of the convicts which the Board of Prison Commissioners has authority to promulgate.

"The petitioner, by his stand that the forfeiture statute is applicable only to prisoners within the wall, has advanced an erroneous premise. The rules of the prison govern a convict wherever he goes while he is serving his sentence. They are applicable to convicts within the walls, to those working on ranches, and to those on parole. The petitioner by advancing the above argument has failed to comprehend the status of a parolee."

And again in that case at page 411 of 139 Mont., at page 46 of 365 P.2d we said:

"Petitioner's rights prior to the enactment of the new laws governing parole were as follows: He was entitled to earn good time under the old statutes and he was subject to the forfeiture of this good time for misbehavior or violation of his parole. Under the 'new parole laws,' petitioner retains the right to earn good time under the old good time statutes and he is subject to forfeiture of this good time. His rights to earn good time or to forfeit it for certain acts are the same now as they were before the enactment of the 'new parole laws'."

And see In re Petition of Pelke, 139 Mont. 354, 365 P.2d 932.

Therefore, in answer to petitioner's questions, "what happened to my statutory time," it was forfeited as well it should have been.

The petition is denied.

MR. CHIEF JUSTICE JAMES T. HARRISON did not participate.