**STATE of Iowa, Appellee,**

v.

**Carlos Fontez CALHOUN, Appellant.**

No. 96–325.

Supreme Court of Iowa.

Feb. 19, 1997.

Nathan A. Callahan, Waterloo, until withdrawal, and then Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Jeffrey Harris, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

SNELL, Justice.

Defendant, Carlos Calhoun, appeals his conviction following a jury trial of thirteen counts of forgery, in violation of Iowa Code section 715A.2(b) (1995). He contends the court erred in denying his motion for change of venue. We reverse and remand.

## I. Background Facts and Proceedings

Defendant was charged by trial information with one count of theft and fifteen counts of forgery. He allegedly forged fifteen checks from five different accounts, in violation of Iowa Code section 715A.2(b). The account holders and the drawee banks in each of the offenses resided in Black Hawk County. The ten checks at issue in this appeal, however, were presented for payment in Linn County.

Prior to trial, the defendant moved for change of venue, arguing that the elements of ten of the forgery charges occurred in Linn County. The court denied the request, reasoning that the State did not have the burden of proving venue until trial. At trial, the court granted defendant's motion for judgment of acquittal on the theft count and two counts of forgery. It then determined that as to the remaining thirteen counts, elements of the crime occurred in Black Hawk County, thus establishing venue. The jury convicted the defendant on all thirteen counts. Defendant filed a motion for new trial/arrest of judgment, claiming improper venue. The court denied the defendant's motion. Defendant appeals, asserting the State did not prove Black Hawk County was the appropriate venue for those checks presented for payment in Linn County.

## II. Standard of Review

■ Because in this case the question of venue concerns legal consequences flowing from undisputed facts, the issue is one of law, not of fact. *Jamieson v. Harrison*, 532 N.W.2d 779, 781 (Iowa 1995). We review for corrections of errors at law. Iowa R.App. P. 4.

## III. Issue on Appeal

At issue in this case are ten forgery charges, in which it was established that the checks in question were presented for payment in Linn County. The remaining three charges, which the defendant agrees were presented in Black Hawk County, are not at issue in this appeal.

The State argues, and the trial court agreed, that venue was proper in Black Hawk County because an element of forgery was established there. The State contends that because the drawee banks were located in Black Hawk County and the account holders were residents there, an element of the offense sufficiently occurred in that county. As support, they cite section 803.3(1) of the Code, which states "If conduct or results which constitute elements of an offense occur in two or more counties, prosecution of the offense may be had in any of such counties." Iowa Code § 803.3(1).

Defendant, while recognizing the correctness of section 803.3(1), asserts that it does not apply to these facts. Defendant contends there is insufficient evidence to prove that any of the elements of forgery occurred in Black Hawk County. According to the defendant, neither the location of the drawee bank nor the residence of the victims are elements of forgery. As a result, he argues that the appropriate venue is the county where the check was forged (Linn), not the county in which the drawee bank was locat-

ed, nor where the account holders resided (Black Hawk).

Section 803.2(1) of the Iowa Code provides "[a] criminal action shall be tried in the county in which the crime is committed, except as otherwise provided by law." Iowa Code § 803.2(1). The State has the burden of proving venue by a preponderance of the evidence. *State v. Liggins*, 524 N.W.2d 181, 185 (Iowa 1994); *State v. Allen*, 293 N.W.2d 16, 19–21 (Iowa 1980). Venue is established if the State can show one element of the crime occurred in the county of prosecution. *State v. Evely*, 228 N.W.2d 196, 197 (Iowa 1975).

The elements of forgery are that the defendant:

(1) made, completed, executed, or transferred a writing purporting to be the act of another who did not authorize the act, and

(2) with the specific intent to defraud or injure another person or financial institution or knew his act would facilitate a fraud or financial injury.

*See State v. Smith*, 223 N.W.2d 223, 226 (Iowa 1974); Iowa Code § 715A.2(1)(b).

In order to establish venue in Black Hawk County, the State must show by a preponderance of the evidence that the checks were made, completed, executed, issued, or transferred there. But the State offers no proof, nor do they argue, that any of these events occurred in Black Hawk County. Rather, the State asserts that the account holders' residence and the location of the drawee bank constitute an element of the offense. We disagree. The actual injury or harm is not an element of forgery. Thus, whether the harm done was to residents of Black Hawk County is irrelevant. The trial court erred in determining that an element of the offense occurred in Black Hawk County.

We have previously considered the issue of venue in forgery cases. In *State v. Wardenburg*, we noted:

When a forged instrument is uttered or attempted to be uttered, in the absence of evidence to the contrary, it may be presumed prima facie to have been forged in the county where it is so uttered, or the attempt made.

*State v. Wardenburg*, 261 Iowa 1395, 1404, 158 N.W.2d 147, 152 (1968); *see also State v. Tilley*, 176 N.W.2d 843, 844 (Iowa 1970); *State v. Gibson*, 228 Iowa 748, 751, 292 N.W. 786, 787 (1940). In the case at bar, each of the ten checks in question was presented in Linn County; thus, there is a prima facie case that the crime occurred there. The State offers no evidence to defeat this presumption. We find that the State fails to prove by a preponderance of the evidence that Black Hawk County was the proper venue.

Our decision is in accord with other jurisdictions which have considered this issue. *See McKenzie v. State*, 145 Ga.App. 224, 243 S.E.2d 646, 647 (1978) ("Venue in a bad check case is in the county in which the check is delivered."); *In re Petition of Fox*, 141 Mont. 189, 376 P.2d 726, 726 (1962) ("The crime of forgery is committed in the place where the false, forged, or counterfeit check is passed as true and genuine and the origin of the check has no bearing upon the crime."); *see also* Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 16.1, at 340 (West 1984) ("[V]enue on a charge of passing a bad check is in the county where the check is delivered and not in the county where the consideration was received or where the bank on which the check was drawn is located.").

Our determination that the State fails to offer sufficient proof to sustain a finding of venue necessitates that we reverse these convictions. *Allen*, 293 N.W.2d at 22 (citing *Evely*, 228 N.W.2d at 199). The case is remanded for entry of an order dismissing the ten counts of forgery. *Id.*

**REVERSED AND REMANDED.**