**STATE of Iowa, Appellee,**

v.

**Eugene Alfred EVELY, Appellant.**

**No. 56709.**

Supreme Court of Iowa.

April 16, 1975.

Guy P. Booth, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and David Dutton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

LeGRAND, Justice.

Defendant was tried in Black Hawk County for the crime of obtaining money under false pretenses in violation of § 713.1, The Code, 1971. He was sentenced to serve a term of not more than 7 years in the penitentiary, a judgment from which he appeals. We reverse and remand with instructions to dismiss the Information.

Defendant relies on two grounds for reversal: (1) he says the State failed to show the crime or any element thereof was committed in Black Hawk County and that his trial in that county was in violation of § 753.2, The Code, 1971; and (2) he asserts the evidence was insufficient to sustain his conviction in any event. We hold for defendant on the first assigned error and do not reach the second.

This case was tried before the effective date of the 1973 amendment to § 753.2, enacted by the 64th General Assembly. That amendment provides objections to the place of trial must now be asserted before trial.

Under the statute as it was at all times material here, we said proof the offense had been committed in the county where the trial took place was a "jurisdictional fact" which must be proved beyond a doubt "as a vital ingredient of any prosecution." We said, too, this question of venue was put in issue by a plea of not guilty. State v. Hackett, 197 N.W.2d 569, 570–571 (Iowa 1972); State v. Wardenburg, 261 Iowa 1395, 1401, 261 Iowa 1395, 1401, 158 N.W.2d 147, 151, 152 (1968).

Although defendant seems to argue otherwise, venue may be established by proof that only one of the elements of the crime occurred in the county where prosecution is started. See § 753.4, The Code, 1971, which was in effect at all times material to this case. In State v. Warren, 212 N.W.2d 509, 513 (Iowa 1973), another false pretenses case from Black Hawk County, we said:

"To sustain venue in Black Hawk County it was incumbent upon the State to prove by competent evidence beyond a reasonable doubt that at least one of the foregoing acts necessary to constitute the crime of obtaining money or other property by false pretenses was committed by defendant in that county."

This prosecution arose out of defendant's business as a representative of American Farm Equipment Company, a manufacturer of grain dryers. He had been very successful in this endeavor for some years and then for unexplained reasons he began having business problems. Eventually his supplier put him on a cash basis. About this time J. Howard Mueller, a farmer living in Bremer County, who had been interested in a dryer for several years, decided the time had come to buy one. He went to defendant's home in Black Hawk County and was shown the type of dryer he could buy. He was also "quoted" a price. The next day defendant went to Mr. Mueller's home in Bremer County, where defendant offered to

sell and Mueller agreed to buy the dryer for $9,750. At that time, Mr. Mueller paid defendant the full amount. The dryer was never delivered.

We set out the entire evidence of what occurred in Black Hawk County. It came from Mr. Mueller, defendant's alleged victim:

"Q. Do you recall having contact with the defendant, Mr. Evely, sometime in December, 1969?

"A. Yes. I went to his home and I said I am interested and curious. It was my feeling that his firm would be able to provide me the services that these things require. So I said I am interested, show me, and I think this is the 15th of December. * *

"Q. What did he show you, Mr. Mueller?

"A. Well, he showed me as an example the machine that he had used for his own corn. He made it a practice of selling that machine as a demonstrator. Every year he would use a new machine for his own purposes and then sell it as a demonstrator at the end of the season. So we looked at that machine and he quoted me a price. * * *

"Q. Where is the defendant's sales lot located when you took a look at that demonstrator?

"A. This was at his home on Highway 63 north of Waterloo.

"Q. In what county is that located?

"A. I believe it's in Black Hawk County. I am sure it is, yes.

"Q. Did you look at that demonstrator with a view toward purchasing it for your own use?

"A. Yes, I think I expressed to him I'm definitely interested.

"Q. What was his reply or what was his statement to you at that time regarding that machine?

"A. I don't know that he made a statement, but the next morning he was on his way to somewhere and he stopped in my home and said I could buy that machine, otherwise he had some other dealers who were definitely interested and would snap it up at that price, so I bought the machine."

The trial court instructed the jury on the elements of this crime as follows:

"Before the defendant Eugene Evely can be found guilty of the offense charged in the Information the State must establish by the evidence beyond a reasonable doubt each of the following propositions:

(1) That on or about December 15, 1969, the defendant, Eugene Evely, obtained money from Mr. J. Howard Mueller;

(2) That the defendant did so designedly and by false pretenses in that he made to Mr. J. Howard Mueller one or more false representations or statements of fact, *conveyed to him in Black Hawk County*:

(3) That at the time the defendant made such representations or statements of fact to Mr. J. Howard Mueller he knew them to be false;

(4) That the defendant made such representations or statements with the intent to deceive Mr. J. Howard Mueller and thereby to induce him to part with money;

(5) That Mr. J. Howard Mueller was deceived by such representations or statements *in Black Hawk County*, Iowa, and because of such deception gave money to the defendant." (Italics supplied.)

Testing the evidence heretofore set out against these instructions, we find nothing to establish venue in Black Hawk County. The most that can be said for the meeting in Black Hawk County is that it afforded defendant an entree to Mr. Mueller the next day in Bremer County. There is no evidence of any "false representation

or statement" made in Black Hawk County nor is it shown that Mr. Mueller was deceived by any representation or statement made there. Yet, as the trial court correctly instructed the jury, there must have been such a finding before defendant could be convicted. Assuming arguendo defendant had the intent to defraud on the occasion of his visit with Mr. Mueller in Black Hawk County, that subjective mental state alone *unaccompanied by a false representation or statement* is not an element of the crime.

Whatever defendant did to violate § 713.1 was done in Bremer County. It was there he made his false and deceptive representations, there he agreed to sell and deliver, and there he took the money.

We hold there was a failure to show venue in Black Hawk County.

 Nevertheless, the State contends that defendant waived his right to object by not raising the venue question prior to his motion for new trial. As already noted, the matter of venue is put in issue by a plea of not guilty. However, we have said one must promptly ask for a change of venue when the grounds therefor become apparent or he may be held to have waived his right to do so. See State v. Curtis, 192 N.W.2d 758, 759 (Iowa 1971). However, *Curtis* involved a request for a change of venue because of prejudicial pre-trial publicity. Here we are concerned with facts the State must prove before it may prosecute. We hold *Curtis* is not authority for the State's position in the present case.

We referred to *Curtis* in State v. Warren, supra, but it was not the basis for our decision in that case. In holding defendant had not waived his right to raise the venue issue, we said:

"Although the statutory right to have a criminal case tried in a particular county may be waived, Lamb v. Davis, 244 Iowa 231, 236, 56 N.W.2d 481, 483, the Iowa court, insofar as has been brought to our attention, has not required a defendant to challenge venue by pretrial motion prior to this enactment [of the amendment to

§ 753.2 which became effective July 1, 1973.]" (212 N.W.2d at 512.)

The closest case on the facts which has come to our attention is State v. Brooks, 222 Iowa 651, 652, 269 N.W. 875. (1936). There, as here, defendant urged the State's failure to prove venue as grounds for a new trial. We reversed the conviction and in doing so said:

"Under this statute [now § 753.2] a conviction cannot be sustained unless the State proves that the crime was committed within the county in which the indictment was returned. This is the general rule and needs no citation of authorities to sustain it. * * * "

We hold the question of venue, having been put in issue by defendant's plea of not guilty, was a vital ingredient to be proved by the State beyond a reasonable doubt. Its failure to do so could be raised by defendant in his motion for new trial. We hold further the State failed to prove venue and the judgment is reversed and remanded with instructions that the Information be dismissed.

Reversed and remanded with instructions.