STATE of Iowa, Appellee,

v.

Gregory John BAHL, Appellant.

No. 58219.

Supreme Court of Iowa.

May 19, 1976.

Carl A. Saunders of Deitchler, Thomas, Lawse & Saunders, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Jr., Asst. Atty. Gen., Barry M. Anderson, County Atty., and Joel J. Kamp, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant's appeal from a manslaughter conviction challenges a number of pretrial and trial rulings. We affirm the trial court.

Lyman David Wiseman (decedent) died following the crash of a small airplane in which he was a passenger. The plane was piloted by Gregory John Bahl (defendant). Decedent and defendant were friends; both were employed in an industrial plant near Fort Madison in Lee County.

On the afternoon in question, July 12, 1974, the two had gone to three taverns before deciding to go for an airplane ride. They flew from the Fort Madison airport, returning once prior to the crash. On the second flight they flew to the industrial plant where they worked. After numerous passes over or near the plant the wings of the craft caught in highline wires causing the plane to crash near the plant. Defendant and decedent were taken to a local hospital. Decedent was transferred that night to an Iowa City hospital where he died. Other facts can more appropriately be related in connection with specific assignments.

I. Defendant was charged with, and convicted of, manslaughter in violation of § 690.10, The Code. That section prescribes the punishment for the offense but does not define it. We have therefore adhered to the common-law definition of manslaughter which describes the offense as the unlawful killing of another without malice, expressed or implied. *State v. Shimon*, 182 N.W.2d 113, 114 (Iowa 1970).

■ " * * * [O]ur cases acknowledge manslaughter can be committed by operating a *motor vehicle* in either of two ways. Manslaughter may result from the reckless operation of a motor vehicle. (Authorities). It may result from operating a motor vehicle while intoxicated. (Authority)." (Emphasis added.) *State v. Stewart*, 223 N.W.2d 250, 252 (Iowa 1974). It can also be committed through flying an aircraft. 2A C.J.S. Aeronautics & Aerospace § 287, p. 427.

Section 328.41, The Code, provides in part:

"It shall be unlawful for any person to operate an aircraft in the air space above this state or on the ground or water within this state, while under the influence of intoxicating liquor, narcotics, or other habit-forming drug, or to operate an aircraft in the air space above this state or on the ground or water within this state in a careless or reckless manner so as to endanger the life or property of another."

Defendant contends the section is unconstitutional, claiming it violates Article III, § 29 of the Iowa Constitution which provides that "[e]very act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. * * *."

■ Defendant's challenge under this provision is twofold. He insists § 328.41 covers more than one subject. He also asserts the subjects contained in the section are not expressed in the title of the *act*. Defendant's third claim of unconstitutionality is derived from his assertion § 328.41 bases a criminal violation on mere general negligence. In all three constitutional challenges defendant " * * * faces the heavy burden of overcoming the presumption of constitutionality which legislative acts carry. (Authority)." *Green v. City of Cascade*, 231 N.W.2d 882, 886 (Iowa 1975).

In asserting § 328.41 covers more than one subject defendant claims there are two: (1) the illegality of operating an aircraft while under the influence of intoxicating liquor and drugs, and (2) the illegality of operating an aircraft in a careless or reckless manner.

"We have long been committed to the principle that [Article III, § 29, Iowa Constitution] should be given liberal construction to permit one act to embrace all matters reasonably connected with the subject expressed in the title and not utterly incongruous thereto. * * *." *Webster Realty Company v. City of Fort Dodge*, 174 N.W.2d 413, 418 (Iowa 1970). See *Long v. Board of Supervisors*, 258 Iowa 1278, 1283, 142 N.W.2d 378, 381 (1966).

■ The subject of Acts of the 52nd G.A., 1947 Regular Session, ch. 181, § 1, was the proscription of the dangerous operation of aircraft. We believe defendant's distinc-

tion between the two "subjects" of this act is imaginary. It was entirely reasonable for the legislature to group together such dangerous operation, whether it be by drunken pilots or careless ones. We believe the act embraces but one subject.

■ In claiming the title to the act does not express the subject matter, defendant points to the editorial name of chapter 328, The Code. He cites the words "aeronautics commission", words given in The Iowa Code Annotated. We note the Code editor lists only the word "aeronautics" as the name for chapter 328 and the words "operating recklessly or while intoxicated" for § 328.41. But the question is to be determined on the basis of the title of the act. It is unaffected by the name given the Code chapter or section. *Green,* supra; *Webster Realty Company,* supra; *State v. Nickelson,* 169 N.W.2d 832, 835 (Iowa 1969).

■ The act itself, Acts of the 52nd G.A., 1947 Regular Session, ch. 181, § 1, was entitled "Flying While Intoxicated." It was officially described as "An Act relating to the flight of aircraft over lands and waters of the state and the prohibiting of operation of aircraft while under the influence of intoxicating liquors or habit-forming drugs, or in a careless or reckless manner." This is nearly as explicit as the act itself and certainly expresses the subject of it. The constitutional mandate of Article III, § 29 was met. Defendant's arguments to the contrary are without merit.

We turn then to defendant's separate contention § 328.41 is unconstitutional because it bases a criminal violation on mere general negligence. In this contention defendant cites *Central City v. Eddy,* 173 N.W.2d 582 (Iowa 1970) and *City of Vinton v. Engledow,* 258 Iowa 861, 140 N.W.2d 857 (1966). Defendant's reliance on *Eddy* and *Engledow* is misplaced.

*Engledow* was an appeal from a traffic conviction under a city ordinance. The ordinance allowed a finding of guilt if the driver was found either to be negligent or reckless. A state statute (§ 5028, The Code, 1931) had once provided criminal punish-

ment for negligent driving but had been repealed. In *Engledow* a majority of the court held, because state statutes had preempted the field of reckless driving, the municipal ordinance was invalid. 258 Iowa at 868, 140 N.W.2d at 862. No other constitutional issue was considered.

*Eddy* was an appeal by a city from a trial court ruling sustaining a demurrer to its ordinance. The ordinance provided fine or imprisonment for careless or negligent driving. On the basis of *Engledow* the ruling was affirmed.

■ It would appear a statute making driving an automobile in a careless or reckless manner a criminal offense would be valid. 7 Am.Jur.2d, Automobiles and Highway Traffic, § 272, pp. 821–822. At least to a point, the legislature could choose to make negligence the basis of a crime. 21 Am.Jur.2d, Criminal Law, § 84, p. 166; 22 C.J.S. Criminal Law § 30, pp. 100–102. Defendant has established no reason why the legislature could not, as it has in § 328.41, make flying "* * * in a careless or reckless manner * * *" a criminal offense. See 8 Am.Jur.2d, Aviation, § 137, p. 773. Cf. 2A C.J.S. Aeronautics & Aerospace § 287, p. 427.

■ Defendant did not argue his conviction of manslaughter was erroneously based on mere negligence. He could not so argue because of the instruction by which the trial court avoided the problem. In its instructions the trial court included, as Instruction No. 10, the following:

"The laws of Iowa provide:

"A. That no person shall operate an aircraft in the air space above this state or on the ground or water within this state in a careless or reckless manner so as to endanger the life or property of another.

"The violation of any of the said provisions of law would be negligence and an unlawful act.

"However, you are instructed that negligence alone will not support a conviction of the crime of manslaughter for which the defendant, Gregory John Bahl, is being tried, and you should consider this instruc-

tion in the light of the following instruction."

Instruction No. 10 and various other instructions made it clear a manslaughter conviction could not be based on mere negligence. Under the instructions there was no error. *State v. Boner,* 203 N.W.2d 198, 201 (Iowa 1972); *State v. Wallin,* 195 N.W.2d 95, 98–99 (Iowa 1972).

Defendant's claim § 328.41 is unconstitutional because it bases a criminal violation on mere negligence is without merit.

II. In a separate assignment defendant claims "intoxicating liquor", as used in § 328.41, could not include beer of less than four percent alcohol. To support this claim defendant seizes on the definition of "intoxicating liquor" contained in § 123.3(8, 9), The Code.

We think the use of "intoxicating liquor" in § 328.41 is geared, not to any type of alcoholic beverage proscribed, but rather to the condition of intoxication of the imbiber. Defendant's reliance on § 123.3 is inappropriate because the definition is expressly limited to chapter 123. It has no application to chapter 328 where the term "intoxicating liquor" takes its ordinary meaning. According to its ordinary meaning "intoxicating liquor" includes any beverage which contains sufficient alcohol so that when imbibed in such quantity as is practically possible for consumption will produce intoxication. *State v. Schrader,* 243 Iowa 978, 987, 55 N.W.2d 232, 237 (1952). See also 48 C.J.S. Intoxicating Liquors § 1, p. 135.

III. During trial defendant made what he described as a "motion in limine." Among the categories of evidence sought to be excluded was any testimony by State witnesses that the aircraft was flown in a careless or reckless manner. There is some question from the record that defendant is correct in his assertion the motion was in fact overruled. However we pass that question because the record does not show any such evidence was ever offered.

" * * * Reversible error cannot be predicated on an order overruling a motion in limine. It must be predicated on a record made during trial *when the evidence is offered.* (Authorities)." (Emphasis added.) *State v. Johnson,* 222 N.W.2d 483, 485 (Iowa 1974). The assignment is without merit.

IV. Defendant moved to dismiss and for directed verdict on six grounds. On appeal he claims the trial court erred in overruling these motions. One of the six grounds, that § 328.41 is unconstitutional, is the same claim we rejected in division I hereof. Three grounds were not supported in defendant's appellate brief, nor argued on submission, and are hence waived. *State v. Thomas,* 190 N.W.2d 463 (Iowa 1971).

One of the two remaining claims under this assignment is defendant's assertion there was no proof decedent died as a result of the crash. This assertion stands on the absence of prosecution evidence showing nothing happened to decedent at the two hospitals to which he was admitted after the crash.

"A person is not criminally responsible for a homicide unless his act can be said to be the cause of death. * * *." 40 Am. Jur.2d, Homicide, § 13, p. 304. See *State v. Johnson,* 223 Iowa 962, 966, 274 N.W. 41, 44 (1937); 40 C.J.S. Homicide § 11a, pp. 851–852.

"This court has consistently held, where an accused moves for a directed verdict the evidence must be viewed in a light most favorable to the State and the case should be submitted to the jury if there is any evidence reasonably tending to support the charge. (Authority).

"It is equally well settled, when an accused challenges sufficiency of the evidence to sustain a guilty verdict the evidence is again viewed most favorably to the State, and the court accepts as established all reasonable inferences tending to support the jury action. Furthermore, only the supporting evidence need be considered, whether contradicted or not. (Authorities)." *State v. Menke,* 227 N.W.2d 184, 188 (Iowa 1975).

Defendant argues something *might* have happened to decedent following the crash and before his death. However there was testimony there were no vehicular accidents during either of his two ambulance trips. There was expert testimony decedent died as a result of a hemorrhage. When asked to assume nothing substantially violent had happened to decedent between the crash and the autopsy the expert testified the cause of death was the airplane crash. Defendant's argument is reduced to arguing an intervening cause of death occurred at one of the two hospitals.

" * * * One cannot * * * escape criminal responsibility for homicide merely because factors other than his felonious acts contribute to the death [so long as] such other factors are not the proximate cause of death. * * *." 40 Am.Jur.2d, Homicide, § 13, p. 305. See 40 C.J.S. Homicide § 11a, p. 852. Cf. *State v. Gabriella,* 163 Iowa 297, 304, 144 N.W. 9, 12 (1913).

We note much could have happened to decedent in either of the hospitals which would not have accorded any sort of defense. "It is well established that negligent treatment or neglect of an injury will not excuse a wrongdoer unless the treatment or neglect was the sole cause of death." *State v. McClain,* 256 Iowa 175, 189, 125 N.W.2d 764, 772 (1964).

Defendant's assertion there was no proof decedent died as a result of the crash is without merit.

Defendant's remaining claim on this assignment proceeds from a unique division of Lee County, dating from early Iowa history. In 1848 Lee County was constituted as two separate judicial areas as part of an act which fixed times and places of holding court. In *Trimble v. The State,* 2 Greene 404 (1850) this court acknowledged the validity of the division and stated jurisdiction of the two areas was exclusive. The validity of this division has apparently remained unchallenged since that time. It was not challenged by the parties to this appeal. This opinion should not be understood as reiterating or renouncing our holding in

*Trimble* for it may and does rest on other grounds.

Defendant points to the absence of any testimony placing the crash in one or the other part of Lee County. He contends he cannot be convicted on a mere showing the crash occurred in Lee County without some additional showing it occurred in that part of the county within the "jurisdiction" of his place of trial. The question presented is one of venue and not jurisdiction. We explained the distinction in *State v. Wardenburg,* 261 Iowa 1395, 1400–1401, 158 N.W.2d 147, 150 (1968).

 Section 753.2, The Code, provides: "Criminal actions shall be tried in the county in which the crime is committed, except as otherwise provided by law. All objections to place of trial are waived by a defendant unless he objects thereto prior to trial." The effect of § 753.2 is explained in *State v. Donnelly,* 242 N.W.2d 295 (Iowa 1976) (filed this date). Under our holding in *Donnelly* it is immaterial whether the crash occurred in the southern part or northern part of Lee County. This assignment is without merit.

 V. Defendant's final assignment challenges the trial court's refusal to submit a violation of § 328.41 as a lesser-included offense of the crime of manslaughter. We find no error in the refusal.

We have noted in this opinion that § 328.41 proscribes dangerous operation of aircraft. The section somewhat resembles two provisions of chapter 321, The Code [Motor Vehicles and Law of the Road]. In proscribing flying such a craft while under the influence of intoxicating liquor, narcotics, or habit-forming drugs this section is similar to § 321.281, The Code. In proscribing flying such a craft in a careless or reckless manner § 328.41 is similar to § 321.277. Our cases point out manslaughter may result from the reckless operation of a motor vehicle. *Wallin,* supra, 195 N.W.2d at 99. Manslaughter may also result from the operation of a motor vehicle while intoxicated. *State v. Davis,* 196 N.W.2d 885, 890 (Iowa 1972). These holdings, applying the similar provisions in chapter 321 as a basis for a

**304**

manslaughter prosecution, support the State's theory in the prosecution of this case. And we think our holding in a manslaughter case arising from the operation of a motor vehicle should control the lesser-included offense issue.

In *State v. Stewart,* supra, we held reckless driving was not a lesser-included offense of the crime of manslaughter in a case where the same recklessness was the basis for both charges. 233 N.W.2d at 252.

Similarly reckless flying under § 328.41 is not a lesser-included offense of the crime of manslaughter. And for the same reasons we think flying under the influence of intoxicating liquor, under the same section, is not a lesser-included offense of manslaughter. See generally *Everett v. Brewer,* 215 N.W.2d 244 (Iowa 1974); *State·v. Habhab,* 209 N.W.2d 73 (Iowa 1973); *State v. Hawkins,* 203 N.W.2d 555 (Iowa 1973).

We have not overlooked a separate assignment addressed to defendant's motion for new trial. That motion raised the same issues which have been discussed in connection with his other assignments. No additional discussion is necessary.

AFFIRMED.

All Justices concur except LeGRAND, J., who concurs in result.