**STATE of Iowa, Appellee,**

v.

**Darrell R. DONNELLY, Appellant.**

**No. 58615.**

Supreme Court of Iowa.

May 19, 1976.

See, also, Iowa, 242 N.W.2d 298.

Henry A. Hollis, Stuart, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and Coral Greenfield, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendant appeals district court's affirmance of a judicial magistrate's judgment entered on jury verdicts of guilty to speeding, disobeying a stop sign and public intoxication in violation of Code sections 321.285, 321.256 and 123.46 respectively. He assigns as error the magistrate's failure to dismiss the actions, alleging improper venue in Guthrie County and asserts the district court erred in affirming his convictions. We find defendant failed to raise the venue issue prior to trial as required by Code section 753.2, which became effective July 1, 1973, and therefore affirm.

I. March 28, 1975, defendant was arrested by Guthrie County Sheriff, Leroy C. Dunn in Stuart, Iowa and issued traffic citations and complaints for speeding on "South Division Street in Stuart, Ia.", disobeying a stop sign at "Division & Rail Track, Stuart, Ia." and improper passing at "2nd & Division St., Stuart, Iowa." Based on the same incident, defendant was charged March 31, 1975 with public intoxication in violation of Code section 123.46. Jury trial was held on all four charges in Guthrie County Magistrate's Court April 18, 1975. No objections to the place of trial were made prior to the trial itself. During the State's case-in-chief it became apparent the violations had been committed a short distance on the Adair County side of the boundary between Adair and Guthrie Counties. Defendant then made a motion to dismiss all charges on the ground of improper venue. The magistrate overruled the motion. Defendant was found guilty and sentenced on each charge except that of improper passing of which he was acquitted. Defendant appealed for review by a District Court Judge where he continued to assert improper venue. The magistrate testified the violations occurred in Stuart approximately 50 feet inside Adair County. The trial court affirmed the magistrate's court convictions.

On this appeal defendant, as below, argues the question of venue as limited by Code section 753.2 which became effective July 1, 1973. Other statutory provisions relating to venue are not considered on this appeal.

II. The second session of the 64th General Assembly in 1973 repealed chapter 753, Code 1971 and enacted what became chapter 753, Code 1973. In each section 753.2 referred to venue.

The former section (repealed as of July 1, 1973) provided:

"The local jurisdiction of the district court is of offenses committed within the county in which it is held, and of such other cases as are or may be provided by law."

On the basis of this former section, we have consistently held "Venue is a jurisdictional fact put in issue by a plea of not guilty which the State must prove beyond a reasonable doubt as a vital ingredient of any prosecution." *State v. Warren,* Iowa, 212 N.W.2d 509, 512; *State v. Evely,* Iowa, 228 N.W.2d 196, 197; *State v. Hackett,* Iowa, 197 N.W.2d 569, 570 and citations.

Recently in *State v. Youngbear,* Iowa, 229 N.W.2d 728, 733, we restated in dictum the proposition that venue must be established beyond a reasonable doubt in a criminal case. There the issue involved whether a demurrer was an appropriate means of challenging venue. We found there was substantial evidence to establish venue in Tama County without reaching any question as to when the objection to venue was made.

Code section 753.2 which has been in effect since July 1, 1973 applies to this case. It provides:

"Criminal actions shall be tried in the county in which the crime is committed, except as otherwise provided by law. All objections to place of trial are waived by a defendant unless he objects thereto prior to trial."

Two basic changes were made in 1973. In the first sentence of section 753.2 language making venue a jurisdictional fact was replaced with language stating simply that "Criminal actions shall be tried in the county in which the crime is committed. * * *." At the same time, a second sentence was added which waived "all objections to place of trial" unless objected to prior to trial.

■ Under familiar rules of statutory construction, it is clear that the legislature intended to make a substantive change in this venue provision. As we said in *State v. Blyth,* Iowa, 226 N.W.2d 250 quoting 1A Sutherland Statutory Construction, section 22.30, Fourth Ed. (Sands Rev.):

" 'The courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights. The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase. Thus, in interpreting an amendatory act there is a presumption of change in legal rights. This is a rule peculiar to amendments and other acts purporting to change the existing statutory law.' " 226 N.W.2d page 259.

Of primary importance in this regard is the addition of the second sentence to section 753.2 which makes it clear that unless timely raised, venue objections will be waived. Waiver of venue objections is certainly not new to our law. In *Lamb v. Davis,* 244 Iowa 231, 236, 56 N.W.2d 481, 483, the rule was established that failure to object to venue prior to final submission of the case to the jury will waive such objections.

However, we have never before had a statute which automatically waived objection to venue unless raised prior to trial. We must therefore consider this concept.

Prior to the 1973 legislative enactments the jurisdiction of the district court was limited by statute to offenses committed within the county unless provided otherwise. Section 753.2, Code 1971; *State v. Hackett,* Iowa, 197 N.W.2d 569, 570; *State v. Brooks,* 222 Iowa 651, 652, 269 N.W. 875. As pointed out, supra, that jurisdictional statute was repealed effective July 1, 1973.

■ There is no constitutional provision limiting the power of the state legislature to permit trial of criminal cases in a place other than where the crime was committed. *State v. Byrnes,* 260 Iowa 765, 769, 150 N.W.2d 280, 282; 21 Am.Jur.2d, Criminal Law, section 402. In 22 C.J.S. Criminal Law section 176, page 434, the editor writes:

"Where the constitution contains no provision requiring accused to be tried in the county of the commission of the crime, the legislature may fix or may allow the venue in any other county, * * *."

This general statement is found in 21 Am.Jur.2d, Criminal Law, section 419, at page 429:

" * * *. An application for change of venue should ordinarily be made before a cause proceeds to trial. The statutory provisions governing the application for a change of venue sometimes impel this conclusion. * * *."

■ Section 753.2, Code 1973, is such a statute. It is clear and unambiguous. Under this section, all objections to place of trial are automatically waived unless raised prior to trial. It is of no consequence under the statute when the accused first discovered the venue error. Failure to timely object to place of trial waives any right to assert the issue as error in subsequent proceedings. Defendant-appellant's venue attack during trial came too late and had been waived.

III. As pointed out by defendant-appellant, the district court judge in affirming the magistrate's adverse ruling on his motion to dismiss relied on section 753.5, Code 1971. Prior to its repeal, effective July 1, 1973, it provided:

"When a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county, except as otherwise provided by law."

At trial time, April 1975, that statute was obsolete. The district court's ruling was correct but the wrong reason was cited. Defendant had waived any objections to venue by failing to assert them before trial.

We find no reversible error.

AFFIRMED.