STATE of Iowa, Appellee,

v.

Robert Arthur ALLEN, Appellant.

No. 63565.

Supreme Court of Iowa.

June 18, 1980.

C. A. Frerichs of Fulton, Frerichs, Nutting, Martin & Andres, P. C., Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, ALLBEE and McGIVERIN, JJ.

ALLBEE, Justice.

In this appeal we consider the procedure that should be followed in resolving objections by criminal defendants to venue, or the place of trial.

Defendant Robert Arthur Allen was charged with delivery of cocaine, possession with intent to deliver marijuana and possession of amphetamines, respectively violations of sections 204.401(1)(a), (1)(b), (3), Supplement to the Code 1977. As he waived his right to a trial by jury, the case was tried by trial judge. Defendant was convicted of delivery of cocaine, possession of marijuana and possession of amphetamines. His appeal challenges only his conviction for delivery of cocaine.

As grounds for reversal, defendant asserts (1) the insufficiency of proof that the crime occurred in Black Hawk County; (2) the insufficiency of evidence to corroborate his confession of the crime, as required by Iowa R.Crim.P. 20(4) and (3) the impropriety of admitting certain evidence. Because we hold for defendant on the first ground, concerning venue, we do not consider the others.

The venue issue was first raised by defendant's filing, before trial, a written objection to Black Hawk County as the place of trial. The matter was not resolved until after trial, when trial court found in its findings of fact and conclusions of law that venue was properly laid in Black Hawk County.

The gist of the dispute between the parties on this issue is the significance of defendant's venue objection and the lack of a ruling upon his objection before trial. Defendant contends that by raising the issue of venue, proper venue became a jurisdictional fact which the State was required to prove beyond a reasonable doubt at trial. Because he believes the evidence adduced to meet that burden was insufficient, he urges that reversal is required. The State, on the other hand, asserts that venue is not a jurisdictional fact, but rather denotes only the place of trial. Accordingly, it argues that the State has no burden of proving proper venue at trial, regardless of the filing of a pretrial objection to the place of trial by the defendant. Also apparently immaterial, under its stance, is any alleged insufficiency of evidence of proper venue in this case as it does not comment upon the matter before this court. In its opinion, the only purpose of a pretrial venue objection is to force relocation of the prosecution. Its view would consequently require all defendants to obtain a ruling on venue objections before trial began or at least sometime before final judgment. *See* § 803.4, Supplement to the Code 1977 ("A conviction or acquittal of an offense in a court having jurisdiction thereof is a bar to a prosecution of the offense in another court.").

From these arguments, several issues arise: (1) When should an objection to venue be resolved? (2) Which party bears the burden of establishing the propriety or impropriety of the place of trial selected by the prosecution? and (3) What is the standard of proof which must be met?

I. *Time of resolution of venue objection.* The statutory provision regarding venue directly applicable in this case states, "Criminal actions shall be tried in the county in which the crime is committed, except as otherwise provided by law. All objections to place of trial are waived by a defendant unless the defendant objects thereto prior to trial." § 803.2, Supplement to the Code 1977. Presumably a ruling of some sort must follow defendant's venue objection or it would be a meaningless gesture. Yet, absent from the statute is any indication of how and when the ruling should be made. In order to give effect to section 803.2 and to facilitate the orderly disposition of venue issues, it is necessary to establish a procedure for ruling upon a defendant's pretrial objection to venue. *Cf. State v. Iowa District Court*, 286 N.W.2d 22 (Iowa 1979) (prescribing certain procedural guidelines for determining fees for attorneys appointed to represent indigent criminal defendants).

■ Considering first the time for ruling upon a defendant's venue objection, we conclude that the defendant must secure a ruling by the trial court before trial after the parties have had an opportunity for an evidentiary hearing or he waives the issue of improper venue. Absent an adverse ruling by the trial court, he may not seek appellate review of the issue. This holding is consistent with our previous decisions interpreting the effect of section 803.2 and with our criminal rules of procedure governing the determination of pretrial objections. It is also supported by policy considerations.

In *State v. Donnelly*, 242 N.W.2d 295 (Iowa 1976), we first examined the history and effect of section 753.2, The Code 1973, which was the same as section 803.2, Supplement to the Code 1977. We there noted that prior to the enactment of section 753 in 1972, the venue statute provided: "The local jurisdiction of the district court is of offenses committed within the county in which it is held, and of such other cases as may be provided by law." 242 N.W.2d at 296 (quoting § 753.2, The Code 1971). Under that provision, venue was considered "a jurisdictional fact put in issue by a plea of not guilty which the State must prove beyond a reasonable doubt as a vital ingredient of any prosecution." 242 N.W.2d at 297 (citations omitted).

Two substantive changes were determined to have been effected by the legislative revision in *Donnelly*. The first was the replacement of language making venue a jurisdictional fact with language simply stating where criminal actions shall be tried. *Id.* The second was the addition of a provision which automatically waived the right to assert the venue issue as error unless an objection to venue had been raised before trial. *Id.* at 297–98.

Later, in *State v. Wedelstedt*, 263 N.W.2d 894, 898 (Iowa), *cert. denied*, 439 U.S. 954, 99 S.Ct. 352, 58 L.Ed.2d 345 (1978), we characterized the overall impact of these changes as demoting the importance of the venue question. Finally, in *State v. Hanna*, 277 N.W.2d 605, 608 (Iowa 1979), we commented in dictum that the purpose of the waiver provision is "to require a pretrial determination of [the venue] issue by the trial court." Thus, while this issue has not previously been formally addressed by this court, our prior opinions certainly indicate no perceived statutory impediments to our current holding and, in one instance, suggest its propriety.

Our holding is also consistent with Iowa R.Crim.P. 10. The pretrial objection to place of trial required by section 803.2 is analogous to "[m]otions for change of venue" and arguably might be included in the class of "objections based on defects in the institution of the prosecution," which are both required by the rule to be raised prior to trial. *See* Iowa R. Crim.P. 10(2)(f), (a). Rule 10(8) requires that determinations on pretrial motions, and plausibly objections as well, be reached "without unrea-

sonable delay," and contemplates resolution of factual issues by the trial court by its provision that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record."

Another consideration affecting our decision is our determination in part III, *infra*, that venue need be established by only a preponderance of the evidence instead of by proof beyond a reasonable doubt. If resolution of the venue question were to be left to the jury at the conclusion of trial, the jury might well be confused by the different standards for evaluating different features of the State's case. *See* Model Penal Code § 1.13, Comment 1 (Tent. Draft No. 4, 1955).

The effect of our holding upon this case remains to be examined. During a pretrial conference, defendant called the attention of trial court and the State to its previously filed objection to place of trial. None of the individuals present at that conference then indicated any concern that the matter should be resolved before trial. To the contrary, the State intimated that it interpreted section 803.2 to impose upon it the burden of proving venue at trial, and trial court implicitly acquiesced in that interpretation. In keeping with this view of the statute, defendant renewed his venue objection during trial by means of a motion for judgment of acquittal, on which trial court reserved ruling until after trial, and after trial by means of a motion for new trial and arrest of judgment and a motion to amend or enlarge findings or conclusions, which asked the court to specify the facts it relied on in finding that the alleged delivery occurred in Black Hawk County.

In view of the working premise of all involved in the litigation that section 803.2 did not require pretrial resolution of the venue question and of the absence of such a requirement from the face of the statute, we decline to impose the requirement in this case. In order to afford fair notice of the time limit for securing rulings on venue objections here articulated, such limit shall apply only to cases in which the venue objection is raised after the date of filing of this opinion.

■ II. *Burden of proving venue.* We conclude that the State has the burden of proving venue. As the State is the party which selects the place of trial, it is only logical that it should be required to justify its selection if the issue of venue is properly raised. To hold otherwise would eviscerate the provision in section 803.2 that "[c]riminal actions shall be tried in the county in which the crime is committed." In cases where the trial court was in doubt concerning the issue of venue, it would nonetheless find proper venue because the defendant would be unjustifiably required to bear the risk of non-persuasion on this issue.

Throughout the time when the former venue statute, which made venue jurisdictional, was in effect, the burden of proof was on the State to establish that the crime had been committed in the county where the trial was brought. *See, e. g., State v. Warren*, 212 N.W.2d 509, 512–13 (Iowa 1973); *State v. Ladd*, 252 Iowa 487, 489–90, 106 N.W.2d 100, 101 (1960); *State v. Brooks*, 222 Iowa 651, 652, 269 N.W. 875, 875 (1936) (per curiam); *State v. Schwenderman*, 192 Iowa 349, 352–53, 184 N.W. 629, 630 (1921); *State v. Gibson*, 29 Iowa 295, 297 (1870). Although the legislature removed the jurisdictional status from venue, there is no reason to assume that it also intended to disturb the State's burden of proving venue if the defendant properly raises the issue.

This conclusion is consistent with our decision in *State v. Wedelstedt*, 263 N.W.2d 894 (Iowa), *cert. denied*, 439 U.S. 954, 99 S.Ct. 352, 58 L.Ed.2d 345 (1978). We there implicitly acknowledged that the State maintained the burden of proving venue by our addressing the merits of the defendant's preserved claim that the State had failed to prove proper venue. *Id.* at 897–900. It is also consistent with the general rule followed elsewhere. *See, e. g.*, 1 C. Torcia, *Wharton's Criminal Procedure* § 36, at 107–08 (12th ed. 1974); 1 *Underhill's Criminal Evidence* §§ 96, 98 (6th ed. 1973).

III. *Standard of proof of venue.* In *State v. Wardenburg*, 261 Iowa 1395, 1401–

03, 158 N.W.2d 147, 151–52 (1968), this court determined as a matter of guidance to the bench and bar that venue must be proved beyond a reasonable doubt. Noting a split of authority elsewhere as to whether venue should be proved beyond a reasonable doubt or by a preponderance of the evidence, the stricter standard was chosen because of the view, justified by the statute then applicable, that venue was a jurisdictional fact and a vital ingredient of any prosecution.

■ As previously indicated, under our current venue statute, venue may no longer be considered jurisdictional; nor is it so vital that objections regarding it cannot be waived by failure to object before trial. These reflections induce us to reevaluate our position on the standard of proof the State must meet in proving venue.

■ In criminal trials, the State is required to prove beyond a reasonable doubt all elements of the offense, e. g., State v. Gibbs, 239 N.W.2d 866, 867 (Iowa 1976), and to negate certain defenses by the same standard of proof, see, e. g., State v. Tomlinson, 243 N.W.2d 551, 553 (Iowa 1976) (entrapment); State v. Thomas, 219 N.W.2d 3, 5 (Iowa 1974) (insanity); State v. Vick, 205 N.W.2d 727, 731 (Iowa 1973) (self-defense). Not all factual showings required of the State must meet this rigorous standard, however; occasionally a preponderance of evidence suffices. E. g., State v. Williams, 285 N.W.2d 248, 260 (Iowa 1979) (to show applicability of exception to exclusionary rule); State v. Fetters, 202 N.W.2d 84, 88 (Iowa 1972) (to show voluntariness of

confession at a pretrial suppression hearing).

■ Venue is not an essential element of the crime itself. See, e. g., State v. Valentine, 506 S.W.2d 406, 410 (Mo.1974); State v. O'Shea, 28 N.J.Super. 374, 379, 100 A.2d 772, 774 (1953), aff'd on other grounds, 16 N.J. 1, 105 A.2d 833 (1954); State v. Mitchell, 3 Utah 2d 70, 73, 278 P.2d 618, 620 (1955); State v. Dombrowski, 44 Wis.2d 486, 501, 171 N.W.2d 349, 357 (1969). Contra, State v. Fabian, 263 So.2d 773, 776 (Miss. 1972). Nor is it of the same nature as the insanity defense, which concerns the capacity of the defendant to commit the crime, nor the defenses of self-defense and entrapment, which provide justification or excuse for the defendant's criminal acts. Unlike those defenses or the elements of the crime, venue does not relate to the guilt or innocence of the defendant. Accord, State v. Beard, 249 La. 811, 815, 191 So.2d 631, 632 (1966); State v. Batdorf, 293 N.C. 486, 496, 238 S.E.2d 497, 504 (1977); see State v. Heft, 148 Iowa 617, 627, 127 N.W. 830, 834 (1910). For that reason and for the reasons that venue is not jurisdictional and is subject to waiver, we conclude that a preponderance of the evidence is sufficient to establish venue in a criminal case.

Our conclusion is supported by a majority of the jurisdictions which have considered the issue. According to our research, fourteen states [1] require proof beyond a reasonable doubt of venue while seventeen states have held sufficient a preponderance of the evidence [2] or at least have indicated that

1. Houston v. Peyton, 297 F.Supp. 717, 720 (W.D.Va.1969) (interpreting Virginia law); Stokes v. State, 373 So.2d 1211, 1216 (Ala.Cr. App.1979); Tate v. People, 125 Colo. 527, 536, 247 P.2d 665, 669 (1952); Carter v. State, 146 Ga.App. 681, 681, 247 S.E.2d 191, 191–92 (1978); People v. Clark, 71 Ill.App.3d 381, 396, 389 N.E.2d 911, 922, 27 Ill.Dec. 680, 691 (1979); Willis v. Commonwealth, 339 S.W.2d 174, 174 (Ky.1960); State v. Frank, 355 So.2d 912, 914 (La.1978) (but preponderance of evidence sufficient to withstand pretrial motions and motions to quash during trial); People v. Morgan, 50 Mich.App. 288, 293, 213 N.W.2d 276, 279 (1973), rev'd on other grounds, 400 Mich. 527, 255 N.W.2d 603, cert. denied, 434 U.S. 967, 98 S.Ct. 511, 54 L.Ed.2d 454 (1977); State v. Fabi-

an, 263 So.2d 773, 776 (Miss.1972); Union Pacific Railroad Co. v. State, 88 Neb. 547, 549–50, 130 N.W. 277, 278 (1911); State v. Collins, 60 Ohio App.2d 116, ——, 396 N.E.2d 221, 227 (1977); State v. Kacalek, 34 Or.App. 967, 969, 580 P.2d 205, 206 (1978); State v. Dombrowski, 44 Wis.2d 486, 502, 171 N.W.2d 349, 357 (1969); see State v. Campbell, 160 Mont. 111, 117, 500 P.2d 801, 804 (1972) (measure of proof "same as that required to establish any material fact in a criminal prosecution").

2. Henley v. State, 210 Ark. 759, 762, 197 S.W.2d 468, 469 (1946); People v. Arline, 13 Cal.App.3d 200, 203, 91 Cal.Rptr. 520, 521 (1970); Neblett v. State, —— Ind.App. ——, 396 N.E.2d 930, 932 (1979); State v. True, 330 A.2d

proof beyond a reasonable doubt is not necessary.[3] For a discussion of the rationale found persuasive by other courts in determining the appropriate standard of proof, see Annot., 67 A.L.R.3d 988, 996–1004 (1975).[4]

■ IV. *Insufficiency of proof of venue in this case.* Trial court found that the crime of delivery of cocaine occurred in Waterloo, Black Hawk County, and accordingly that venue was proper. Findings of fact by a trial court have the effect of a special verdict, Iowa R.App.P. 4, and are binding on us if supported by substantial evidence, Iowa R.App.P. 14(f)(1).

■ A factual finding is supported by substantial evidence if the finding may reasonably be inferred from the evidence. *E. g., Briggs Transportation Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978); see *State v. Robinson*, 288 N.W.2d 337, 338 (Iowa 1980) ("evidence is 'substantial' when a reasonable mind would accept it as adequate to reach a conclusion"). Evidence reviewed for its substantiality must be viewed in the light most favorable to the judgment. See *id.* at 338, 340; *Packwood Elevator Co. v. Heisdorffer*, 260 N.W.2d 543, 544 (Iowa 1977).

The evidence relative to the delivery charge submitted in this case, viewed in the light most favorable to the State, was as follows. On April 1, 1978, Waterloo police officers executed a search warrant in defendant's residence. The cocaine they found was packaged in a manner typical for the illegal sales of approximately one gram or smaller quantities. The officers also found additional packaging materials, two small scales, one of which had cocaine residue on it, and a McDonald's spoon, which according to the testimony of a detective who had worked as a narcotics investigator, is commonly used to scoop cocaine for measuring in a scale.

During the course of the search, defendant was arrested and given his *Miranda* warnings. Subsequently, he confessed that he had sold twelve to thirteen grams of cocaine at $85 per gram the previous night to "a Black brother," whom he refused to further identify. The transactions, he said, made him a profit of $300; $366 were found in defendant's shirt pocket and billfold.

No evidence of where the alleged delivery of cocaine had occurred or of defendant's whereabouts on the night of March 31, 1978, was offered by the State. Defendant, however, presented the testimony of two life-long friends, who said that they met defendant that evening at a Waterloo club and that around 7:30 p. m. the three proceeded to a private party in Denver, Iowa, outside of Black Hawk County, where defendant stayed until after 2:00 a. m. the following morning.

In summary, there was no direct proof of proper venue offered at trial; no one who had actually participated in or even seen the alleged delivery was produced as a witness at trial. Of course, in determining the sufficiency of the proof of proper venue, we

---

787, 791–92 (Me.1975); *State v. Glasscock*, 76 N.M. 367, 368, 415 P.2d 56, 57 (1966), *overruled on other grounds, State v. Lopez*, 84 N.M. 805, 508 P.2d 1292 (1973); *People v. Moore*, 46 N.Y. 2d 1, 6, 385 N.E.2d 535, 538, 412 N.Y.S.2d 795, 798 (1978); *State v. Vincent*, 35 N.C.App. 369, 372, 241 S.E.2d 390, 393 (1978); *Dukes v. State*, 578 S.W.2d 659, 662 (Tenn.Cr.App.1978); *Hignite v. State*, 522 S.W.2d 210, 212 (Tex.Cr. App.1975); *State v. Cauble*, 563 P.2d 775, 779 (Utah 1977); *State v. Burton*, 254 S.E.2d 129, 141 (W.Va.1979). A number of federal courts also have held that a preponderance of the evidence is sufficient. See Annot., 67 A.L.R.3d 988, 1000 (1975).

3. *Ball v. State*, 204 So.2d 523, 524 (Fla.Dist. Ct.App.1967) (per curiam); *State v. Twiggs*, 553

S.W.2d 69, 70 (Mo.App.1977); *Dixon v. State*, 83 Nev. 120, 121–22, 424 P.2d 100, 100–01 (1967); *Voran v. State*, 536 P.2d 1322, 1324 (Okla.Cr.App.1975); *State v. Brown*, 97 R.I. 95, 100, 196 A.2d 138, 141 (1963); *State v. Stafford*, 44 Wash.2d 353, 356, 267 P.2d 699, 701 (1954); see 8A *Moore's Federal Practice* ¶ 18.-02[1], at 18–9 to 11 (2d ed. 1979); 1 C. Wright, *Federal Practice and Procedure* § 307, at 601 (1969) (noting that some federal cases have also held that proof beyond a reasonable doubt not necessary).

4. We do not here consider the procedure for rulings on challenges to state criminal jurisdiction, as defined in § 803.1, Supplement to the Code 1977.

**22**

also examine the record for supportive circumstantial evidence. *See State v. Wardenburg*, 261 Iowa 1395, 1403, 158 N.W.2d 147, 152 (1968) ("No positive testimony that the violation occurred at a specific place is required, it is sufficient if it can be concluded from the evidence as a whole that the act was committed in the county where the indictment is found"). This record, however, is also barren of any circumstantial evidence which objectively could be found to be adequate to support the conclusion that an illegal delivery of cocaine had occurred in Black Hawk County.

We are not persuaded to the contrary by trial court's evaluation of the evidence. In response to defendant's motion to enlarge or amend its findings and conclusions, trial court stated, "With respect to venue, suffice it to say that all of the apparatus involved was located in Black Hawk County, and obviously had been used for the purpose of weighing controlled substance." Thus, its sole articulated basis for finding that defendant delivered cocaine in Black Hawk County was that he possessed drug paraphernalia used to weigh controlled substance in that county. That is not a reasonable inference.

A finding of drugs and drug paraphernalia used to weigh such drugs in a particular county may support an inference of possession with intent to deliver such drugs in that county. Defendant, however, was charged only with delivery of cocaine, not possession with intent to deliver that substance as well. To find proper venue for the crime as charged in this case when the evidence only supported venue for a different means of committing the crime would violate the principle stated in *State v. Hochmuth*, 256 Iowa 442, 127 N.W.2d 658 (1964). We there held that an offense which may be committed in various ways must be proved to have been committed in the way charged in the indictment.

Our determination that the proof was insufficient to sustain a finding of venue requires, under the general rule, that we reverse the conviction of delivery of co-

caine. *See State v. Evely*, 228 N.W.2d 196, 199 (Iowa 1975) (quoting *State v. Brooks*, 222 Iowa 651, 652, 269 N.W. 875, 875 (1936)). The case must also be remanded to the district court for entry of an order dismissing the charge of delivery of cocaine. *See, e. g., Evely*, 228 N.W.2d at 199; *cf. State v. Miller*, 204 N.W.2d 834, 843–44 (Iowa 1973) (requiring dismissal where jury question not generated on issue by proof at trial).

We affirm the judgment of trial court as to counts II and III of the information (possession of marijuana and possession of amphetamines) and reverse and remand with instructions to dismiss count I (delivery of cocaine).

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.