**STATE of Iowa, Plaintiff–Appellee,**

v.

**Jamie James SMITH, Defendant–Appellant.**

**No. 97–0302.**

Court of Appeals of Iowa.

July 31, 1998.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, and Verd Bailey, County Attorney, for appellee.

Considered by SACKETT, P.J., and HUITINK and VOGEL, JJ.

SACKETT, Presiding Judge.

Defendant-appellant Jamie James Smith appeals from his convictions for possession of methamphetamine with intent to deliver and

possession of marijuana contending his trial counsel was not effective when he failed to object prior to trial to the fact defendant was charged and tried in Page County, Iowa, for a crime allegedly committed in Fremont County, Iowa. We affirm.

On October 23, 1996, officers of the Shenandoah police department responded to a call a man was walking in and out of traffic on Highway 59. The county line between Page and Fremont Counties is the middle of Highway 59. Defendant was found sitting on the west side of the highway in Fremont County.

Defendant was asked by an officer what was in his pockets. Defendant started to remove the contents, including a cigarette package which contained a green leafy substance the officers believed was marijuana. Defendant was arrested for possession of marijuana. On the way to the police department, defendant was asked about something in his mouth. He later spit it out. Additionally, something was found on the floor of the back seat of the car. These substances were identified as methamphetamine and marijuana.

Defendant was charged with (1) possession of methamphetamine with intent to deliver in violation of Iowa Code section 124.401(1)(c)(6) (1995); and (2) possession of marijuana in violation of Iowa Code section 124.401(3).

After the State rested its case, defendant's attorney moved to dismiss the two counts contending they were not filed in the proper venue. The motion was denied. The jury convicted defendant as charged and his motion for a new trial was denied.

 Defendant contends his attorney should have challenged the venue prior to trial. Venue is not a jurisdictional issue. *State v. Allen*, 293 N.W.2d 16, 19 (Iowa 1980). A defendant must object to improper venue before trial or the issue is waived. *Id.* at 18; *State v. Donnelly*, 242 N.W.2d 295, 298 (Iowa 1976); *see also* Iowa Code § 803.2(3).

It is conceded defendant was arrested in Fremont County and after he was arrested he was taken to Page County. He was under arrest and did not voluntarily cross the county line into Page County. The fact he was moved to Page County was of no relevance. In *State v. Lake*, 476 N.W.2d 55 (Iowa 1991) (Harris, J., dissenting), the court concluded action taken in submission to police authority will negate the volition required for even a general intent crime. *Id.* at 57.

 Iowa Code section 803.2(1) (1995) provides, "A criminal action shall be tried in the county in which the crime is committed, except as otherwise provided by law." Iowa Code § 803.2(1). The State has the burden of proving venue by a preponderance of the evidence. *State v. Liggins*, 524 N.W.2d 181, 185 (Iowa 1994); *Allen*, 293 N.W.2d at 20. Venue is established if the State can show one element of the crime occurred in the county of prosecution. *State v. Evely*, 228 N.W.2d 196, 197 (Iowa 1975).

The failure of the State to offer sufficient proof to sustain a finding the venue of the crime was in Page County would have resulted in a dismissal after the State presented its case had the motion been made and overruled before trial. *See State v. Calhoun*, 559 N.W.2d 4, 6 (Iowa 1997); *Allen*, 293 N.W.2d at 22; *Evely*, 228 N.W.2d at 198–99.

The State contends this issue should be preserved for postconviction proceedings. It alternatively argues venue was appropriate in Page County and defendant has failed to establish prejudice.

We disagree with the State venue was appropriate in Page County. However, had the motion been filed before trial, venue would have been moved to the proper county. *See State v. Dicks*, 473 N.W.2d 210, 213 (Iowa App. 1991). Defendant has failed to show prejudice. We affirm.

**AFFIRMED.**